## CAMPBELL. *v.* PORTER.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 187. Argued March 10, 11, 1896. — Decided April 20, 1896.

A writ of error is the proper form of bringing up to this court an order of the Supreme Court of the District of Columbia admitting a will to probate.

Since the act of July 9, 1888, c. 597, as before that act, the Supreme Court of the District of Columbia has no power to admit a will or codicil to probate as a devise of real estate.

THIS was a petition by the executors of the will of the late Admiral David D. Porter, who died February 13, 1891, to the special term of the Supreme Court of the District of Columbia, sitting as an orphans' court, for the admission to probate of his will and of a codicil thereto.

Upon citation to the next of kin, Elena Porter, a daughter of the testator, having become by marriage Elena Campbell, appeared and demanded full proof of the execution of the will and codicil.

The will and the codicil each bore the signature of the testator, and those of the same three persons as witnesses.

At the hearing in special term, it was shown by the examination of the witnesses, that the will was duly executed by the testator, and attested by all three witnesses; and that the codicil was signed by the testator, and attested by two of the witnesses; and the only controverted question was whether the testator did or did not make or acknowledge his signature to the codicil in the presence of the third witness.

Upon the whole evidence (which was set forth in the record, but is unnecessary to the understanding of the points decided by this court) the judge holding the special term ordered the will to be admitted to probate as to both real and personal property, and the codicil to be admitted to probate in respect of personal property; and certified to the general term, for hearing in the first instance, the question of the sufficiency of the codicil to devise or dispose of real estate.

At the hearing in general term, it was ordered and adjudged, for reasons stated in the opinion reported in 9 Mackey, (20 D. C.) 493, that the codicil was duly executed by the testator, and subscribed and attested by three witnesses, as required by law, and should be admitted to probate as a devise of real estate. A bill of exceptions to this ruling and order was tendered by Mrs. Campbell, and allowed by the court, which certified that the value of the real estate devised to her in the codicil was less than that devised to her in the will by more than the sum of $5000; a sufficient amount to sustain the appellate jurisdiction of this court, under the act of March 3, 1885, c. 355. 23 Stat. 443. And Mrs. Campbell, on June 22, 1892, sued out this writ of error.

*Mr. W. D. Davidge*, (with whom was *Mr. W. D. Davidge, Jr.*, on the brief,) for plaintiff in error, as to the point on which the case turned in this court:

It is said on the other side that the court below in special term had no power to admit to probate a will or codicil *as a devise of real estate.*

Such was the law prior to the act of Congress of July 9, 1888, c. 597, 25 Stat. 246; *Robertson* v. *Pickrell*, 109 U. S. 608, 610; *Barbour* v. *Moore*, 4 App. Cas. D. C. 535, 544.

But the above act enacted as follows: "The record of any will or codicil heretofore or hereafter recorded in the office of the register of wills of the District of Columbia, which shall have been admitted to probate by the Supreme Court of the District of Columbia, or by the late orphans' court of said District, or the record of the transcript of the record and probate of any will or codicil elsewhere, or of any certified copy thereof, heretofore or hereafter filed in the office of said register of wills shall be *prima facie* evidence of the contents and due execution of such wills and codicils: *Provided*, that this act shall not apply in any cause now pending in any of the courts of the District of Columbia."

Whatever may be said as to the retroactive operation of that law, there can be no doubt that the record of wills of real estate, admitted to probate since its passage, is *prima facie* evidence as to two matters — contents and due execution. *Barbour* v. *Moore*, 4 App. Cas. 535.

*Mr. Chapin Brown* for defendant in error.

This case is not properly before this court for review. It should have been brought here by appeal, and not by writ of error. The proceedings under which the case was tried below, are provided for in the Maryland act of 1798. *Ormsby* v. *Webb*, 134 U. S. 47, does not apply to the case at bar.

But in the present case all of the testimony was taken under the law by depositions in writing and tried and determined by the General Term of the Supreme Court of the District of Columbia, sitting as an orphans' court, without a jury trial. There is no provision of law or of practice for framing a bill of exceptions in this case (*Stewart* v. *Pattison's Exer.* 8 Gill, pp. 46, 54), and the law relating to trial and appeal, where the facts are tried by the court on depositions in writing, is different from that relating to trial by jury.

But it is clear that the orphans' court had no jurisdiction

to try any question relating to a *devise of real estate,* and was without jurisdiction to pass the order admitting the codicil to probate *as a devise of real estate.*

The court in General Term of the Supreme Court of the District of Columbia was sitting as an orphans' court when it passed this order, and had only the powers and jurisdiction of the orphans' court.

When the court ordered that the codicil *be admitted to probate* in respect of *personal property,* the powers and jurisdiction of the orphan's court were exhausted and final, and there was no appeal from this order, or exception taken to the order in this respect.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

It was contended, in behalf of the defendants in error, that the case should have been brought to this court by appeal, and not by writ of error. But we consider this point as settled by the decision made six years ago in *Ormsby* v. *Webb,* 134 U. S. 47, 64, 65, in which a motion to dismiss, for the same reason, a writ of error to review a judgment of the Supreme Court of the District of Columbia, admitting a will to probate, was denied by this court, not merely because in that case a trial by jury had been actually had, but upon the more general ground that a proceeding for the probate of a will in the District of Columbia was not a suit in equity, and was a case in which the parties had the right to claim a trial by jury, and in which there might be adversary parties, and a final judgment affecting rights of property. See *Price* v. *Taylor,* 21 Maryland, 356, 363. The decision in *Ormsby* v. *Webb* has since been understood as governing the practice in the District, and evidently guided the course of the plaintiff in error in the present case. Under these circumstances, the question whether the form of bringing up a probate case shall be by writ of error or by appeal does not appear to us to be so important in its consequences that it should now be reconsidered.

A more serious question of jurisdiction, presented by this record, is whether the Supreme Court of the District of Columbia had power to admit a will or codicil to probate as a devise of real estate. Curiously enough, it is the plaintiff in error who contends that it had, and the defendants in error who insist that it had not. But it is immaterial by which party the question is made, for, being a question of jurisdiction, it would be the duty of this court of its own motion to take notice of it.

This question depends upon the act of Congress of July 9, 1888, c. 597, entitled "An act relating to the record of wills in the District of Columbia," and the whole of the rest of which is as follows: "The record of any will or codicil, heretofore or hereafter recorded in the office of the register of wills of the District of Columbia, which shall have been admitted to probate by the Supreme Court of the District of Columbia, or by the late orphans' court of said district, or the record of the transcript of the record and probate of any will or codicil elsewhere, or of any certified copy thereof, heretofore or hereafter filed in the office of said register of wills, shall be *prima facie* evidence of the contents and due execution of such wills and codicils: Provided, that this act shall not apply in any cause now pending in any of the courts of the District of Columbia." 25 Stat. 246.

In order to determine the scope and effect of this act, it is necessary to consider what the law upon the subject was in the District of Columbia before its passage.

The law of wills and of probate, as existing in Maryland on February 27, 1801, is the law of the District of Columbia, except as since altered by Congress; and the Supreme Court of the District of Columbia, in special and general term respectively, has, by virtue of successive acts of Congress, the probate jurisdiction formerly exercised by the orphans' court and the Court of Chancery of the State of Maryland, and by the orphans' court and the Circuit Court of the United States for the District of Columbia; with authority, also, at a special term, to order any matter to be heard in the first instance at a general term. Acts of February 27, 1801, c. 15, §§ 1, 12; 2

Stat. 103, 107; March 3, 1863, c. 91, §§ 3, 5, 16; 12 Stat. 763, 764; June 21, 1870, c. 141, §§ 4, 5; 16 Stat. 161; Rev. Stat. D. C. §§ 772, 800, 930.

The older laws of the State of Maryland concerning wills, executors and guardians, were amended and codified by the statute of 1798, chapter 101, drawn up by Chancellor Hanson, and published in 2 Kilty's Laws, and containing the following provisions:

By sub-chapter 1, § 4, (following the English Statute of Frauds of 29 Car. 2, c. 3, § 5,) it was enacted that "all devises and bequests of any lands or tenements, devisable by law, shall be in writing, and signed by the party so devising the same, or by some other person in his presence, and by his express directions, and shall be attested and subscribed, in the presence of the said devisor, by three or four credible witnesses, or else they shall be utterly void and of none effect."

Sub-chapter 2, in §§ 1–3, made various provisions for securing the prompt delivery of "a will or codicil," after the death of the testator, to the register of wills for safekeeping until probate; and in § 4, enacted that "an attested copy, under the seal of office, of any will, testament or codicil, recorded in any office authorized to record the same, shall be admitted as evidence in any court of law or equity: Provided, that the execution of the original will or codicil be subject to be contested until a probate hath been had according to this act."

That statute did not authorize the probate of wills of real estate. But in sub-chapter 2, §§ 5–13, and sub-chapter 15, §§ 16–18, it made full and minute provisions for the probate in the orphans' court of "any will or codicil, containing any disposition relative to goods, chattels or personal estate;" by which such a will might, if uncontested, be admitted to probate at once; or, if contested, be dealt with "according to the testimony produced on both sides," and be admitted to probate "on such proof as shall be sufficient to give efficacy to a will or codicil for passing personal property;" or, at the request of either party, by a plenary proceeding, upon bill or petition, answer under oath, and depositions, and, it might be,

the findings of a jury upon issues sent to a court of law for trial; with a right of appeal from the orphans' court to the Court of Chancery or General Court.

By the law of Maryland, and consequently of the District of Columbia, in accordance with what was the law of England until the statute of 1 Vict. c. 26, a will of personal property need not be attested by subscribing witnesses, but might be established, when offered for probate, by the testimony of any two witnesses, or by equivalent proof. 1 Williams on Executors, (7th ed.) 85, 343; Dorsey's Testamentary Law, 57; *McIntire* v. *McIntire, ante,* 383, and 8 Mackey, (19 D. C.) 482, 489. A will of personal property, until admitted to probate, was not competent evidence in another suit. *Armstrong* v. *Lear,* 12 Wheat. 169, 176. And in Maryland, under the statute of 1798, an order granting or refusing probate of a will, as to personalty, has been considered not merely *prima facie,* but conclusive evidence in a subsequent suit. *Warford* v. *Colvin,* 14 Maryland, 532, 554; *Johns* v. *Hodges,* 62 Maryland, 525, 534.

In *Darby* v. *Mayer,* (1825) this court recognized that by a probate under that statute the will was conclusively established as to personalty; but decided that the clause of subchapter 2, § 4, above quoted, by which "an attested copy, under the seal of office, of any will, testament or codicil, recorded in any office authorized to record the same, shall be admitted as evidence in any court of law or equity," did not make such a copy of the recorded probate of a will evidence of title to real estate; and the reasons of the court were stated by Mr. Justice Johnson as follows:

"It is true that the generality of the terms in the first lines of this clause is such as would, if unrestricted by the context, embrace wills of lands. It is also true that the previous chapter in the same article prescribes the formalities necessary to give validity to devises of real estate; it is further true that the previous sections of the second chapter indicate the means, and impose the duty of delivering up wills of all descriptions to the register of the court of probates, for safe-keeping, after the death of the testator, and until they shall

be demanded by some person authorized to demand them for the purpose of proving them.

"But it is equally true that the act does not authorize the registering of any will without probate. Nor does it, in any one of its provisions, relate to the probate of any wills, except wills of goods and chattels.

"The clause recited makes evidence of such wills only, as are recorded in the offices of courts authorized to record them. But when the power of taking probate is expressly limited to the probate of wills of goods and chattels, we see not with what propriety the meaning of the clause in question can be extended to wills of any other description. The orphans' court may take probates of wills, though they affect lands, provided they also affect goods and chattels; but the will, nevertheless, is conclusively established only as to the personalty.

"Unless the words be explicit and imperative to the contrary, the construction must necessarily conform to the existing laws of the State on the subject of wills of real estate. And when the power of taking probates is confined to wills of personalty, we think the construction of the clause recited must be limited by the context.

"We are, therefore, of opinion that there was nothing in the law of Maryland which could, under the Constitution, make the document offered to prove this will *per se* evidence in a land cause." 10 Wheat. 465, 471, 472.

In *Robertson* v. *Pickrell,* (1883) this court held that an exemplified copy of the probate of a will of real estate in a court of Virginia, authorized by the law of that State to take probate of wills, as well of real estate as of personal property, was incompetent evidence, in the courts of the District of Columbia, of title to real estate in the District; and, speaking by Mr. Justice Field, said : "In most of the States in the Union, a will of real property must be admitted to probate in some one of their courts, before it can be received elsewhere as a conveyance of such property. But by the law of Maryland, which governs in the District of Columbia, wills, so far as real property is concerned, are not admitted to such pro-

bate. The common law rule prevails on that subject. The orphans' court there may, it is true, take the probate of wills, though they affect lands, provided they affect chattels also ; but the probate is evidence of the validity of the will, only so far as the personal property is concerned. As an instrument con-. veying real property, the probate is not evidence of its execution. That must be shown by a production of the instrument itself, and proof by the subscribing witnesses; or, if they be not living, by proof of their handwriting." 109 U. S. 608, 610.

In the State of Maryland, the statute of 1798 continued to be in force until the legislature of Maryland, by the supplemental statute of 1831, c. 315, § 1, authorized the orphans' courts to take the probate of "any will, testament or codicil, whether the same has relation to real or personal estate, or to both real and personal estate," in the same manner as, under the original statute, they might of wills disposing of personal estate ; " which said probate, as concerns real estate, shall be deemed and taken only as *prima facie* evidence of such will, testament or codicil ; " and, in § 16, provided that any will admitted to probate should be kept in the register's office, except that it might, at the trial of an issue of *devisavit vel non*, " be adduced in evidence under care of such register, or of any person in that behalf by him deputed, under a *subpœna duces tecum*, issued on special order of the court holding such trial."

The statute of Maryland of 1854, c. 140, authorized copies of wills and probates made in other States to be filed and recorded in the office of the register of wills in any county in Maryland ; and provided that a copy of the record, under the hand of the register and the seal of his office, should " be evidence in all suits or actions, at law and in equity, in any court in this State, wherein the title of any property, real or personal, thereby devised or given, shall be in question, with the same force and effect as if the original will had been admitted to probate in this State, according to the laws thereof." Before that statute, the record of a probate in another State was inadmissible in evidence in the courts of Maryland. *Budd* v. *Brooke*, 3 Gill, 198, 232 ; *Beatty* v. *Mason*, 30 Maryland, 409, 412.

Congress never legislated upon the subject mentioned in either of the last two statutes of Maryland, until it passed the act of July 9, 1888, c. 597, now in question, entitled "An act relating to the record of wills in the District of Columbia," and the whole enacting part of which is so brief, that it may well be quoted once more, as follows: "The record of any will or codicil, heretofore or hereafter recorded in the office of the register of wills of the District of Columbia, which shall have been admitted to.probate by the Supreme Court of the District of Columbia, or by the late orphans' court of said district, or the record of the transcript or the record and probate of any will or codicil elsewhere, or of any certified copy thereof, heretofore or hereafter filed in the office of said register of wills, shall be *prima facie* evidence of the contents and due execution of such wills and codicils: Provided, that this act shall not apply in any cause now pending in any of the courts of the District of Columbia."

Before the passage of this act, as has been seen, neither the Supreme Court of the District of Columbia, nor its predecessor, the orphans' court, had any jurisdiction to admit to probate a will of real estate only; and, consequently, no record, in any court of the District, of a probate of a will would be any evidence whatever of title to real estate; but, as to personal property, the probate of a will would seem to have been regarded as conclusive evidence; and there was no statute law in the District concerning the record or the proof of wills made and probated elsewhere.

The act of 1888 is a statute of evidence, and not of jurisdiction. It does not purport to confer any jurisdiction whatever. Its title describes it as "relating to the record of wills." The body of it is, in terms, a simple declaration that records of probates of wills or codicils in the District of Columbia "shall be *prima facie* evidence of the contents and due execution of such wills and codicils." And the concluding proviso, that it shall not apply to pending causes, treats it as a mere rule of evidence.

The records thus made evidence include those of wills and codicils admitted to probate by the courts of the District,

whether before or after the passage of the act, and also
records of probates made elsewhere, and filed in the register's
office here.  The act assumes the probates to have been law-
fully made; and it no more undertakes to define or to regu-
late the jurisdiction of the courts of probate of the District
for the future, than it does the jurisdiction of those courts in
the past, or the jurisdiction of the courts elsewhere whose
proceedings filed here are equally made evidence.

The act gives no greater weight to future, than it does to past
probates and records.  But if it made the record of a will, ad-
mitted to probate in the District of Columbia before the act,
evidence of title to real estate, it would not only give the pro-
bate an effect which could not have been in the mind of the
court which granted it; but it would, in many cases, make a
will effective to pass real estate, which had never been attested
as required by law to constitute a valid will for that purpose.

For example, take the case now before the court, supposing
it to have arisen before the passage of the act.  The codicil
disposed of both real and personal property, and bore the
names of three witnesses.  To prove it as a testamentary dis-
position of personal property, two witnesses were ample.
Therefore, if the court of probate was satisfied that two only
of the witnesses whose names were on the paper saw the
testator sign or acknowledge it, the court would be bound to
admit it to probate, although, for want of a third witness,
there was no sufficient attestation or proof to make it a good
will of real estate ; and yet the record of the probate would
be evidence of title to real estate under the devise therein
contained.

The act not only does not (as did the statute of Maryland
of 1831, above cited) contain an express grant of jurisdiction
to take probate of wills of real estate; but it does not men-
tion such wills at all.  The leading words, "The record of any
will or codicil," in the first line of this act, are no more general
than the corresponding words, "An attested copy of any will,
testament or codicil," in the similar provision of the statute
of Maryland of 1798, which was held by this court, in *Darby* v.
*Mayer*, before cited, not to embrace wills of real estate, which

the courts had no authority to admit to probate, although that statute in other clauses (as this act does not) applied by necessary implication, and even by express words, to such wills.

Congress, when framing the act of 1888, cannot be supposed to have been ignorant of the provision relating to evidence in the statute of 1798, which had been part of the law of the District of Columbia for nearly ninety years; nor of the construction which this court had given to that provision; nor yet of the want of any statute concerning records of wills admitted to probate elsewhere.

There may be some difficulty in ascertaining the motive of Congress in passing the act of 1888. But difficulty in ascertaining the motive of Congress is but a slight foundation for attributing to it an intention, unexpressed, to confer upon the courts of probate within the District of Columbia an authority over wills of real estate which they never had before since the District was first organized.

We regret to be compelled to differ in opinion from the Court of Appeals of the District of Columbia, which, since the decision below in the present case, has held that the record of a will admitted to probate in the District before the passage of the act of 1888 was competent evidence of the title to real estate in an action brought since its passage. But the question appears by the report not to have been argued by counsel, or much discussed by the court. *Barbour* v. *Moore*, 4 D. C. App. 535, 543, 544.

The result is that the Supreme Court of the District of Columbia, upon the application for probate of the codicil in question, had no authority to determine upon its sufficiency to pass real estate; and that its order in this respect must be modified.

That the codicil was sufficiently proved to pass personal property was not controverted at the bar.

*Judgment reversed, and case remanded for further proceedings in conformity with this opinion.*

MR. CHIEF JUSTICE FULLER took no part in the consideration and decision of this case.