**Paul S. DAVIS, Appellant,**

v.

**The UNIVERSAL CORPORATION, a corporation, Appellee.**

**No. 1968.**

Municipal Court of Appeals for the District of Columbia.

Argued April 15, 1957.

Decided July 1, 1957.

4. Brown v. Clancy, 1945, D.C.Mun.App., 43 A.2d 296, 297.

5. Id. 43 A.2d at page 298.

Greene Chandler Furman, Washington, D. C., with whom Paul S. Davis, Washington, D. C., appellant, pro se, was on the brief, for appellant.

George E. Monk, Washington, D. C., with whom Edmund L. Jones, Hogan & Hartson, Washington, D. C., and Joseph M. Glickstein, Jacksonville, Fla., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The single question here is whether the trial court correctly ruled that the Municipal Court lacks jurisdiction over an action by a dissenting stockholder under Code 1951, § 29-240, even though the amount claimed is within the court's jurisdictional limitation of $3,000. The cited Code section authorizes a corporation, with approval of two-thirds of the stockholders, to sell all its property and assets, and gives a dissenting stockholder the right, under certain conditions, to bring suit against the corporation for the fair value of his shares.

The jurisdictional question here arises because of the wording of the Code section that the dissenting stockholder's petition (action) be filed "in the District Court of the United States for the District of Columbia," that the award be enforced in the same manner as other decrees are enforceable "in said District Court," and that the parties have the right of appeal "as in other cases in the District Court."

It is quite plain that when this Code section was enacted in 1931 jurisdiction of a dissenting stockholder's action was given exclusively to the District Court, and the then Municipal Court had no jurisdiction over such suits. Appellant concedes this, but insists that the Municipal Court Act of 1942,[1] giving the Municipal Court exclusive jurisdiction of civil actions in which the "claimed value of personal property or the debt or damages claimed" does not exceed $3,000, is broad enough to include a suit by a dissenting stockholder if the claimed value of his shares is less than $3,000. The argument is that the general language of the Municipal Court Act of 1942 overrides the specific language of Code section 29-240. We cannot agree. The District Court was specifically given jurisdiction to grant the relief sought by appellant; and we find nothing in the 1942 Act indicating an intention by Congress to confer on the Municipal Court jurisdiction in this type of case. The Municipal Court is a statutory court of limited jurisdiction, and its jurisdiction is not to be extended by inference or implication

---

1. Code 1951, § 11-751 et seq.

unless necessary to carry out the plain intention of Congress.

■ Appellant urges that we can find a Congressional intention in the District of Columbia Business Corporation Act of 1954.[2] He concedes this Act confers no substantial rights upon him since the sale of the corporation's assets took place prior to its reincorporation under the 1954 Act, but he points out that the 1954 Act gives dissenting stockholders in case of a merger or consolidation rights similar to those given him by Code section 29–240, and instead of limiting enforcement of those rights to the District Court authorizes suit "in any court of competent jurisdiction within the District of Columbia."[3] This, it is argued, indicates the Congressional intention with respect to prior legislation, and demonstrates that Congress by the Municipal Court Act of 1942 intended that actions under Code, 29–240 might be brought in any court of competent jurisdiction. This argument would be more persuasive if the 1954 Act gave rights to dissenting shareholders in case of sale of the corporate assets, but it does not. It confers rights on dissenting shareholders only in cases of merger or consolidation. We are not convinced that the Municipal Court Act of 1942 or the Business Corporation Act of 1954, or the two combined, had the effect of changing the specific provisions of Code, § 29–240 that suits thereunder be brought in the District Court.

Affirmed.

2. Code 1951, Supp. V, § 29–901 et seq.

3. Code 1951, Supp. V, § 29–927(i).