Kenneth D. COLLINS, Plaintiff,

v.

PACIFIC UNDERWRITERS, INC., et al., Defendants,

Robert C. Rocker, Receiver, Intervenor.
No. A–2–61.

United States District Court
D. Alaska,
at Anchorage.
July 23, 1962.

---

2. Plaintiff's brief has been docketed as Document No. 88.

Burr, Boney & Pease, Anchorage, Alaska, for plaintiff.

John M. Stern, Jr., Anchorage, Alaska, for intervenor.

HODGE, Chief Judge.

The sole question to be determined in this cause is whether or not a judgment creditor acquires a lien upon personal property attached in the possession of a third person which takes precedence over the claim of a receiver appointed subsequently to the attachment to moneys belonging to or owing to the judgment debtor. The facts are:

On March 30, 1962, a writ of attachment was issued in the above-entitled court and cause against Pacific Underwriters, Inc. This writ was served by a Deputy U. S. Marshal on April 19, 1962, by handing to and leaving a true and correct copy of the attachment with an officer of the Service Section of the Alaska State Police, who were holding the sum of $1,452.87 resulting from the overage on the sale of personal property under chattel mortgage to the First National Bank by Pacific Underwriters, Inc. This money was not collected by the Deputy Marshal but the officer withheld delivery "until the court decided who the money in the amount stated above belonged to as it was money held in custodia legis." On April 13, 1962, plaintiff obtained a money judgment against the defendant for the sum of $2,800.00, with interest and costs, upon which an execution was issued and levy made by service upon the State Police officer on April 25, 1962. At this time the money was again not paid over or delivered to the Marshal but instead the Service Officer of the State Police deposited the above sum in the registry of the State Superior Court at Anchorage, pending determination of who the money belonged to. On April 27, 1962, the intervenor was appointed receiver for Pacific Underwriters, Inc. by the State Superior Court. Upon motion of the plaintiff an order was issued to the Clerk of the State Superior Court to show cause why she should not be ordered to pay over the money in her pos-

session to the plaintiff. The receiver has intervened seeking to "prohibit the Federal court from interfering with the State court-appointed receiver," claiming the right to possession of such funds.

Under the provisions of Rule 64, Federal Rules of Civil Procedure, 28 U.S.C. A., all remedies providing for the seizure of property for the purpose of securing satisfaction of a judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the State in which the District Court is held, subject to qualifications not applicable here. The pertinent parts of the statutes of the State of Alaska relating to attachment are as follows: [1]

"§ 55–6–66. *Execution of writ.* The marshal or deputy marshal to whom the writ is delivered shall execute the same without delay, as follows:

\* \* \* \* \* \*

"Second. Personal property capable of manual delivery to the marshal, and not in the possession of a third person, shall be attached by taking it into his custody.

"Third. Other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having possession of the same, or if it be a debt, then with the debtor."

"§ 55–6–67. *Plaintiff's rights against third persons: Liability of persons failing to transfer property to marshal.* From the date of the attachment until it be discharged or the writ executed, the plaintiff as against third persons shall be deemed a purchaser in good faith and for a valuable consideration of the property, real or personal, attached, subject to the conditions prescribed in the next section as to real property. \* \* \*"

"§ 55–6–69. *When third person required to furnish certificate to marshal or appear before court.* Whenever the marshal with a writ of attachment shall apply to any person mentioned in subdivision three of section 55–6–66, for the purpose of attaching any property mentioned therein, such person shall furnish him with a certificate designating the amount and description of any property in his possession belonging to the defendant, or any debt owing to the defendant. \* \* \*"

Provision is likewise made for enforcement of a judgment by execution against property in the possession of a third person in the manner provided by Section 55–6–66, and that if the property is not delivered, levy may be made on the property of the garnishee for the amount thereof. Sections 55–9–81, 55–9–82, and 55–9–80, A.C.L.A. 1949.

The receiver contends that the plaintiff never obtained a valid lien against the money held by the State Police by reason of his attachment or execution for the reason that the Marshal did not complete the attachment or levy by taking actual possession of the money attached. I am cited to no decision of the Alaska courts specifically on this point and am unable to find such. In the case of Meredith v. Thompson, 4 Alaska 360, the following language appears in the opinion of Cushman, District Judge (p. 367):

"Defendants are right to this extent; under our law there is no lien upon personal property until the actual levy of the writ of attachment or execution, which must be made by taking into custody, from which time the attaching plaintiff is deemed a purchaser in good faith for value." (Citing Secs. 140, 141 Carter's Codes, being Secs. 55–6–66 and 55–6–67 A.C.L.A., supra.)

In this case, however, there was no service of writ upon a third person but the

[1]. All references are to Alaska Compiled Laws Annotated, 1949.

levy was on property in possession of the judgment debtor. This language is therefore dicta in the present case.

■ These two sections of the Alaska law were taken verbatim from the Oregon code. We may therefore look to decisions of the Oregon courts as controlling upon this question. As early as 1876 the Oregon Supreme Court held in interpreting such statute that where personal property of the judgment debtor is in the possession of a third person the attachment is complete by leaving a certified copy of the writ and a notice specifying the property attached with the person having possession of the same, and that when a sheriff finds that the property is in the possession of a third person he has no right to determine the right of that possession, except in the manner provided by law, and no right to take possession of the property. Spaulding v. Kennedy, 6 Or. (38 Pacific States Reports). This case is cited as stare decisis in Lewis v. Birdsey, 19 Or. 164, 26 P. 623. It is also cited and quoted with approval by the U. S. Supreme Court in Marks v. Shoup, 181 U.S. 562, 565, 21 S.Ct. 724, 45 L.Ed. 1002, as to the law applicable under the Alaska statute.

■■ The court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. Penn. General Casualty Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. The rule of comity which forbids the seizure of property subject to the jurisdiction of one court by another court of concurrent jurisdiction applies where there is an actual or constructive possession of the property by the former court; and when the jurisdiction of a court and the right of a plaintiff to prosecute his suit in it have once attached the right cannot be restrained by proceedings in any other court. In re Hall & Stilson Co., (Cir.Ct. Cal.) 73 F. 527; Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669; C. T. C. Inv. Co. v. Daniel Boone Coal Corporation, 6 Cir., 58 F.2d 305.

■■ This court first acquired jurisdiction over the res by the attachment, which vests this court with the power to hear and determine all controversies relating thereto and disables other courts of coordinate jurisdiction from receiving like power. 1 Clark on Receivers, 469, Sec. 290. The receiver was not appointed until after the attachment and levy, and then, in an action to which the plaintiff in the attachment case was not a party. The mere appointment of the receiver, therefore, did not divest the lien acquired by the attachment. Cowden v. Wild Goose Mining & Trading Co., (C.C.A.9) 199 F. 561, 566; Clark on Receivers, Vol. 2, Sec. 340, p. 601, and Vol. 1, Sec. 275, p. 432 (citing Cowden case, and others).

■■ The money in the hands of the State Police was an overage from a summary foreclosure sale of chattel mortgages upon two automobiles, in which proceeding the State Police were not acting as officers of the court, and hence the doctrine of custodia legis does not apply. Such money is subject to attachment in the same manner and with the same effect as property in the possession of individuals under the provisions of Sec. 55-9-107, A.C.L.A. 1949.

The plaintiff having acquired a valid lien on the money in the hands of the State Police, such lien is not divested by the depositing of the money in the office of the Clerk of the Superior Court pending determination of this question.

The Clerk of the Superior Court must therefore be ordered to pay over to the plaintiff in this action the moneys deposited in the registry of the court. An appropriate order may be presented accordingly.