Samuel HERMAN, Receiver for Union Storage and Transfer Company, Appellant,

v.

Anna M. SINEY, Appellee.

Samuel HERMAN, Receiver for Union Storage and Transfer Company, Appellant,

v.

Mary K. ONEY, Appellee.

Nos. 3193, 3194.

District of Columbia Court of Appeals.

Argued March 18, 1963.

Decided May 3, 1963.

Blaine P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Mark P. Friedlander, Jr., Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Harry Tyson Carter, Washington, D. C., with whom Jerome K. Kuykendall, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal by a receiver appointed by the United States District Court for the District of Columbia from denial of release to him of funds held by a garnishee bank under two writs of garnishment issued . to satisfy judgments of appellees in the Municipal Court for the District of Columbia [1] and from condemnation of these funds by the latter court.

There is no dispute as to the facts. On July 2, 1962, default judgments were entered for appellees in the Municipal Court as creditors of the Union Storage and Transfer Company. On July 17, 1962, each issued a writ of garnishment on a local bank which answered on July 24,

1. Now known as the District of Columbia Court of General Sessions.

1962, that it was holding assets of the judgment debtor that would only partially satisfy the judgments. Motions for condemnation were filed July 27, 1962, for the pro-rated shares of the funds so held, and hearing on the motions was continued until August 30, 1962. In the meantime, on August 10, 1962, in a third suit filed against the Union Storage and Transfer Company in the District Court in which judgment was obtained, appellant was appointed receiver "of all the properties of the said corporate Defendant, real and personal, of whatever kind and description." On August 17, 1962, appellant, as receiver, filed opposition to condemnation of the funds in the Municipal Court. After hearing on August 30, 1962, the trial court granted appellees condemnation of the attached funds.

The question on appeal is whether Municipal Court judgment creditors who have caused writs of garnishment to be served on the bank account of their judgment debtor have a superior right to possession of the attached funds over the claims of a receiver subsequently appointed by the District Court.[2]

It is a well-settled principle that, as between federal and state courts, comity requires that the court which first obtains actual or constructive possession of property in the exercise of its jurisdiction be permitted to retain control without interference from the other since the jurisdiction of one court must of necessity yield to another.[3] As early as 1836 the United States Supreme Court in Hagan v. Lucas,

10 Pet. 400, 35 U.S. 400, 403, 9 L.Ed. 470, stated:

" * * * property once levied on remains in the custody of the law, and it is not liable to be taken by another execution in the hands of a different officer; and especially by an officer acting under a different jurisdiction."

The same rule would be equally applicable to the two court jurisdictions in the District of Columbia, the federal court and the municipal court.

The funds of the judgment debtor in the local bank were duly seized under writs of garnishment issued out of the Municipal Court. No attack is made on the legality of the judgments in that court or of the garnishment proceedings based thereon. The garnishee acknowledged service of the two writs served simultaneously. The property involved here had been under the constructive control of the Municipal Court since July 17, 1962, and was not, therefore, within the jurisdiction of the District Court when that court appointed appellant receiver and ordered him to take control of the judgment debtor's property.

"A receiver derives his authority from the act of the court appointing him * * * and the utmost effect of his appointment is to put the property *from that time* into his custody * * *."[4] [Emphasis supplied.] The Municipal Court first acquired jurisdiction over the property by garnishment which vested that court with power to hear and determine all controversies relating thereto and disabled

2. We are not concerned here with a receiver appointed under The Bankruptcy Act, 11 U.S.C.A. § 11 et seq., where Congress has endowed the court with unique and special powers, including the right to suspend proceedings in other courts under certain circumstances. The present receiver was appointed under the general equity powers of the District Court.

3. Hickok v. Gulf Oil Corporation, 6th Cir., 265 F.2d 798, 800, citing United States v. Bank of New York & Trust

Co., 296 U.S. 463, 477–478, 56 S.Ct. 343, 80 L.Ed. 331; Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Farmers' Loan and Trust Co. v. Lake St. Elevated R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667. See also Fischer v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871.

4. Union National Bank of Chicago v. Bank of Kansas City, 136 U.S. 223, 236, 10 S.Ct. 1013, 1017, 34 L.Ed. 341.

the District Court from exercising like power. The receiver was appointed in a suit to which the present appellees were not parties and after the garnishment had been completed in the Municipal Court. The appointment of a receiver, therefore, did not divest the lien acquired by the garnishment.[5]

Title 15–209 of the District of Columbia Code, 1961, would appear dispositive of the question here. It provides:

"An execution issued on a judgment of the municipal court shall not be a lien on the personal property of the judgment defendant except from the time when it is actually levied, and then it shall have priority over any execution issued out of said United States District Court for the District of Columbia after said levy. * * *"

A receiver's appointment in aid of satisfaction of any judgment against a judgment debtor and any action taken by him is subordinated by this Code prohibition to an attachment and lien perfected by processes of the Municipal Court.

Although not seriously contesting the ultimate rights of appellees to the funds held under the garnishment writs, appellant receiver insists that his appointment order by the District Court authorized him first to take possession of the debtor's funds held by the bank and thereafter to make proper distribution thereof. We find no bases in law or in equity to support this view of his superior right to the attached funds under the circumstances of the present case. We rule that jurisdiction of such funds was in the Municipal Court *before* his appointment by the District Court and that condemnation of the funds to satisfy part of the judgments entered against the judgment debtor in favor of appellees was properly granted.

Affirmed.

5. Cowden v. Wild Goose Mining & Trading Co., 9th Cir., 199 F. 561, 566; Collins v. Pacific Underwriters, Inc., D. Alaska, 206 F.Supp. 727, 730; Clark on Receivers, Vol. 2, § 340, p. 601, and Vol. 1, § 275, p. 432.