GUARDIAN INVESTMENT CORPORA-
TION, Earl J. Lombard, David Eugene Ken-
ney and Louise Burke, Appellants,

v.

Harry I. RUBINSTEIN, Appellee.

GUARDIAN INVESTMENT CORPORA-
TION, Earl J. Lombard, David Eugene
Kenney and Louise Burke, Appellants,

v.

Joseph E. KAPLAN, Appellee.

Nos. 3153, 3154.

District of Columbia Court of Appeals.

Reargued April 17, 1963.

Decided June 19, 1963.

Earl J. Lombard, Washington, D. C., for appellants.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

■ Guardian Investment Corporation and Earl Lombard, its president, appeal from a denial of their motions to set aside summary judgments against them for conduct in violation of Sections 12(2) [1] and 15 [2] of the Securities Act of 1933, 48 Stat. 74, as amended, 15 U.S.C. §§ 77a–77aa. Although neither party questioned the jurisdiction of the trial court to hear the controversy, we raised the question sua sponte and ordered reargument of the case. We deemed it necessary to explore the jurisdictional problem since it is well settled that jurisdiction may neither be assumed by a court nor conferred upon it by consent or silence of the parties.[3]

■ While the Securities Act has a special jurisdictional section,[4] the particular right created by Section 12(2) is enforceable "in any court of competent jurisdiction." [5] This phrase has been interpreted by the Supreme Court to mean: "The Act's special right is enforceable in any court of competent jurisdiction—federal or state—and removal from a state court is prohibited." [6] Thus, the issue presented is whether the Municipal Court for the District of Columbia [7] is analogous to a state court of competent jurisdiction within the meaning of Section 12(2).

Significantly, we have had occasion to consider a similar question. In Hall v. Chaltis,[8] a suit under the Emergency Price

1. Section 12(2), 15 U.S.C. § 77l provides: "Any person who * * * (2) offers or sells a security * * * by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

2. Section 15, 15 U.S.C. § 77o provides: "Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person

had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."

3. See United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 (1936); Henderson v. E Street Theatre Corporation, D.C.Mun.App., 63 A.2d 649 (1948); 1425 F Street Corporation v. Jardin, D.C.Mun.App., 53 A.2d 278 (1947).

4. 15 U.S.C. § 77v provides: "(a) The district courts of the United States, and the United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. * * * No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. * * *"

5. See n. 1, supra.

6. Wilko v. Swan, 346 U.S. 427, at 431, 74 S.Ct. 182, at 184–185, 98 L.Ed. 168 (1953).

7. Now the District of Columbia Court of General Sessions.

8. D.C.Mun.App., 31 A.2d 699, 704 (1943). See also, Glidden Company v. Zdanok, 370 U.S. 530, 581, 82 S.Ct. 1459, L.Ed.2d (1962); O'Donoghue v. United States, 289

Control Act of 1942, the applicable section similarly provided that an action might be brought "in any court of competent jurisdiction." We ruled that Congress had thereby authorized any federal or *state court* to take the case if its jurisdiction embraced the amount of the claim. A fortiori, we held that the Municipal Court had jurisdiction to entertain the suit. We find no reason to depart from this ruling, and hold that the trial court was a court of competent jurisdiction within the meaning of Section 12(2) of the Securities Act of 1933, the amount in controversy being below $3,-000.

The substantive question presented by appellants is whether there was a genuine issue as to a material fact precluding the award of summary judgment to appellees. The complaint, answer and interrogatories established the following facts. Appellants, dealers in securities, solicited appellees by means of communications in interstate commerce for the purpose of purchasing certain shares of stock. Appellees subsequently bought the offered shares and paid appellants in full. While appellees received confirmation of their purchases, they never received the stock certificates. Their suit is for the return of the purchase price.

Appellants admit confirmation of the sale and receipt of the money, but in answer to the specific question, "Did you deliver the stock?" they have replied, "No record of such delivery." They contend that appellees have failed to show that at the time of the sale there was an untrue statement of a material fact.

 Appellants' argument has lost sight of the fact that the Act was designed to *protect investors,* and, being remedial, its provisions will be liberally construed.[9] The Securities and Exchange Commission, whose interpretation is entitled to great weight,[10] has stated:

"'Inherent in the relationship between a dealer and his customer is the vital representation that the customer will be dealt with fairly, and in accordance with the standards of the profession.' Duker & Duker, 6 S.E.C. 386, 388 (1939). At a minimum, he represents that he will act in accordance with reasonable trade custom. Trade custom requires a dealer to consummate transactions with customers promptly, and in every transaction an implied representation to this effect is made, unless there is a clear understanding to the contrary. If a dealer intends not to consummate a transaction promptly, and fails to disclose this intention to his customer, he omits to state to that customer a material fact necessary to make the above representation not misleading, in violation of the anti-fraud provisions of the Securities Act and the Exchange Act."[11]

It is clear from the record that appellants did not intend to consummate the transactions promptly. We hold that their conduct falls squarely within the conduct proscribed by Section 12(2) and that the award of summary judgment was proper.

The other assignments of error relating to appellants Kenney and Burke are without merit.

Affirmed.

U.S. 516, 545, 53 S.Ct. 740, 77 L.Ed. 1356 (1933); Western Urn Mfg. Co. v. American Pipe & Steel Corp., 109 U.S.App. D.C. 145, 147, 284 F.2d 279, 281 (1960); King v. Wall & Beaver Street Corporation, 79 U.S.App.D.C. 234, 237, 145 F.2d 377, 380 (1944); Herman v. Siney, D.C. App., 190 A.2d 650 (1963).

9. Creswell-Keith, Inc. v. Willingham, 264 F.2d 76, 80 (8 Cir., 1959); Blackwell v. Bentsen, 203 F.2d 690, 693 (5 Cir., 1953), appeal dismissed, 347 U.S. 925, 74 S.Ct. 528, 98 L.Ed. 1078 (1954).

10. Securities and Exchange Commission v. Timetrust, Inc., 28 F.Supp. 34, 39 (N.D. Cal.1939).

11. In the matter of Lewis H. Ankeny, 29 S.E.C. 514, 516 (1949).

MYERS, Associate Judge (dissenting).

I am unable to agree with the majority opinion in its reasoning and conclusion that the District of Columbia Court of General Sessions had jurisdiction to consider and determine actions brought under the Securities Act of 1933 [1] to recover damages from appellants for their failure to deliver certain securities purchased by appellees.

By applying only Section 77l of the Act, the majority holds that the District of Columbia Court of General Sessions is a "court of competent jurisdiction" as set forth in that section. But I submit that Section 77l cannot be read alone but must be read as further specifically defined by Section 77v. [2]

The right created by Section 77l is enforceable in "any court of competent jurisdiction," but, as defined by Section 77v, "competent jurisdiction" is specifically stated to mean "The district courts of the United States and the United States courts of any Territory * * * and, concurrent with State and Territorial courts * *" The "Historical Note" following Section 77v in the 1963 edition of the United States Code Annotated explains that the words, "and the district court of the United States for the District of Columbia," which originally followed the words, "the United States courts of any territory," have been deleted as superfluous in view of section 132(a) of Title 28, Judiciary and Judicial Procedure.

It is a cardinal rule of statutory construction that significance and effect should, if possible, without destroying the sense or effect of the law, [3] be accorded every part of the act, [4] including every section. [5] When the sections of the Act are read together as a whole, specific courts qualify as being "court[s] of competent jurisdiction."

The courts of a state derive their jurisdiction from the constitution and laws of the state and do not derive any power from the laws of the United States. Congress cannot confer jurisdiction upon a state court or any other court which it has not ordained and established. [6] The jurisdiction of state courts over cases founded on Federal statutes does not rest on any theory that Congress can vest in state courts any part of the judicial power of the United States, but the power exercised by them in such cases is the judicial power of the state and not of the United States. [7]

In enacting the Securities Act of 1933, Congress did not attempt to ordain and establish the state courts as inferior courts of the United States in the sense of the Constitution, but merely stated that if the state courts otherwise had jurisdiction then they could exercise jurisdiction under the Act. Congress thus refused to preempt the securities field as it could have done under its broad commerce powers conferred by the Constitution.

The Constitution of the United States, Art. I, Section 8, Clause 17, gives Con-

---

1. Securities Act of 1933, 48 Stat. 74, as amended 15 U.S.C. §§ 77a–77aa.

2. 15 U.S.C. § 77v provides: "(a) The district courts of the United States, and the United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. * * * No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. * * *"

3. People v. Welch, 71 Mich. 548, 39 N.W. 747, 1 L.R.A. 385.

4. D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 52 S.Ct. 322, 76 L.Ed. 704.

5. Ledbetter v. Hall, 191 Ark. 791, 87 S.W. 2d 996.

6. Walton v. Pryor, 276 Ill. 563, 115 N.E. 2, L.R.A.1918E, 914, writ of error dismissed in 245 U.S. 675, 38 S.Ct. 10, 62 L.Ed. 542.

7. Bowles v. Barde Steel Co., 177 Or. 421, 164 P.2d 692, 162 A.L.R. 328.

gress power "[t]o exercise exclusive Legislation in all cases whatsoever" over the District of Columbia. Congress has exercised that power by establishing here a judicial system separate from the Federal courts. If Congress cannot confer jurisdiction on state courts because of the dual nature of our judicial system, then the courts established pursuant to its powers in the District cannot be equated to state courts. A variety of jurisdiction and powers may be vested by Congress on the courts in the District,[8] but such jurisdiction and powers are limited by the express terms of the act conferring them.[9]

The Municipal Court of the District of Columbia, now the District of Columbia Court of General Sessions, has always been a court of limited jurisdiction. It is neither a state court nor a territorial court. Being created by statute, its jurisdiction cannot be extended by inference or implication[10] unless essential to carry out the plain intention of Congress. There is no indication in the legislative history of the Securities Act of 1933 that Congress intended to confer on the Municipal Court limited, concurrent jurisdiction with the Federal District Court here. The court specifically given jurisdiction in the District of Columbia and named in the 1933 Act was the Supreme Court of the District of Columbia, subsequently renamed the United States District Court for the District of Columbia. The Municipal Court was never mentioned. No proposal was offered to Congressional committees studying the several bills that eventually made up the final Act to extend jurisdiction to any court in the District other than the Federal court.

There is no indication that Congress had in mind the old Police Court or the early Municipal Court[11] in spelling out with meticulous care the competent courts in this country on which jurisdiction was conferred for litigation arising under the Act.

Hall v. Chaltis,[12] relied on by the majority to support its conclusion that the Municipal Court is sufficiently analogous to a state court to give it jurisdiction in this case, presumes the very conclusion that is in issue here, i. e., is the Municipal Court analogous to a state court?

The Emergency Price Control Act of 1942[13] provides that "The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings *. * *."[14] In the absence of express language such as is found in Section 77v of the Securities Act, which specifically names the courts that have competent jurisdiction, this court properly ruled that the Small Claims Branch of the Municipal Court had jurisdiction. Other provisions of the Act authorize an action at law to recover $50, or three times the amount of illegal overcharges, and these factors were considered along with the section setting forth jurisdiction. This court was correct in refusing to require that a suit, involving a maximum recovery of approximately fifty dollars, be brought exclusively in the United States District Court for the District of Columbia, when the purpose of the Act was to allow a private individual wronged to have speedy action against violators of the Act in order to prevent war-

8. O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356.

9. Campbell v. Porter, 162 U.S. 478, 16 S. Ct. 871, 40 L.Ed. 1044; Vaughan v. Northup, 15 Pet. (U.S.) 1, 10 L.Ed. 639.

10. Davis v. Universal Corp., D.C.Mun. App., 133 A.2d 479.

11. These two courts were combined in 1942 to establish the Municipal Court for the District of Columbia.

12. Hall v. Chaltis, D.C.Mun.App., 31 A.2d 699.

13. Emergency Price Control Act of 1942, Public Law 421, 77th Cong., as amended by the Act of Oct. 2, 1942, Public Law 729, 77th Cong. U.S.Code Cong. & Adm. News, 1942, pp. 23, 1202.

14. Supra, note 13, Section 205(c).

time inflation. To have required a multitude of small suits to be brought only in the District Court would have stymied Congressional intent. It is only in such a case that, in order to carry out the plain intention of Congress, the courts should extend their jurisdiction by implication. The application of Hall should be limited and it should not be relied upon to give jurisdiction in the instant case, one brought under an entirely different, and more specific, act enacted nine years previously. When it is used by the majority to extend jurisdiction, there is failure to give heed to the plain intent of Congress. Had Congress in 1933 intended to confer jurisdiction on the precursors of the District of Columbia Court of General Sessions, it would have been an easy matter to insert appropriate words to that effect. Later increases in the jurisdictional limit of the Municipal Court indicated no Congressional intent to extend the jurisdiction of the court to cover cases arising under the Securities Act. The District of Columbia Court of General Sessions still remains a court of limited jurisdiction and its powers must be construed strictly. In the absence of words specifically conferring jurisdiction under the Securities Act, or of later amendments to that Act, I am satisfied that the Act requires that civil actions arising thereunder in the District of Columbia be brought in the Federal District Court which has jurisdiction under the Act' regardless of the amount in controversy or the citizenship of the parties.[15] I do not believe that this court should be influenced, in the absence of any ambiguity in the jurisdictional provisions of the 1933 Act and in the light of the definite description of the courts competent to hear cases arising thereunder, to hold that the District of Columbia Court of General Sessions is also such a competent court for that purpose

15. Deckert v. Independence Shares Corporation, 311 U.S. 282, 289, 61 S.Ct. 229, 85 L.Ed. 189.

16. Although a number of suits have been filed under the Securities Act of 1933 in

merely because the amounts sought in recovery here fall within the statutory civil damage limit of the court and an earlier hearing can be secured.[16]

As I have concluded that the trial court had no jurisdiction under the Securities Act of 1933 to entertain these causes of action, it is unnecessary for me to discuss the merits of the two claims involved. I would reverse and remand for dismissal.

the Federal District Court here, there is no record of any suit heretofore filed in the Municipal Court until the present cases.