## WALLACE *v.* DEGREE.

---

APPEAL AND ERROR; JURISDICTION; MUNICIPAL COURT; REPLEVIN.

1. When the court of first instance has no jurisdiction, the appellate court can acquire none by virtue of an appeal, notwithstanding the trial therein be *de novo* and it would have had original jurisdiction of the amount involved.

2. Jurisdiction cannot be given by consent of the parties.

3. Where the plaintiffs, in an action of replevin in the municipal court, claimed, and the defendant did not deny, that the goods seized were not worth more that $300, and the plaintiff appealed to the supreme court of the District of Columbia from an adverse judgment, and that court, being of opinion that the plaintiffs were not entitled to recover, directed the jury to assess damages against them and the

sureties on their appeal bond, and the jury, accepting the testimony of the defendant that the goods seized under the writ of replevin were worth $800, returned a verdict in his favor for that sum, upon which judgment was entered; it was *held*, reversing an order of the supreme court of the District overruling a motion by the plaintiffs in arrest of judgment, that (1) as the municipal court had no jurisdiction because the value of the goods was in excess of $300, the supreme court of the District acquired none; (2) that the plaintiffs, by alleging in the municipal court the value of the goods to be within the jurisdiction of that court, were not estopped to deny the value to be greater than that amount, as consent cannot give jurisdiction; and (3) that this court could not grant the defendant leave to remit the excess of the jurisdictional sum, and so reduce the recovery to the jurisdictional amount, as it could not confer jurisdiction in such manner.

4. Where this court, on an appeal in an action of replevin in the municipal court, found that that court had no jurisdiction of the cause because the value of the goods seized was in excess of the sum of $300, it remanded the cause to the supreme court of the District of Columbia, the intermediate tribunal, with direction to dismiss the appeal, which had been taken to that court from the municipal court, and to remand the cause to the municipal court, with direction to quash the writ of replevin and make an order for the return of the property, as required by sec. 17, D. C. Code [31 Stat. at L. 1192, chap. 854].

No. 2324.　Submitted December 8, 1911.　Decided January 2, 1912.

HEARING on an appeal by the plaintiffs from an order of the Supreme Court of the District of Columbia, overruling a motion in arrest of judgment.　　　　　　　　　　　　　*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an action of replevin begun in the justice's court September 28, 1908, by the appellants Wallace and Shepherd, trustees in a chattel deed of trust executed by Degree to them to secure one William Fennell in the payment of eighteen notes aggregating $424.80. The property conveyed consisted of stock in trade, furniture, implements, fixtures, good will, and license of the said Degree contained in a certain storehouse occupied by .

him. There was no inventory, or more particular description of the property. The affidavit for the writ of replevin declared the said goods not to be worth more than $300. Judgment was rendered against the plaintiffs and their surety, but the same does not appear in the record. Plaintiffs appealed to the supreme court of the District, giving a bond with Fennell and Keane as sureties. On the trial, the court excluded evidence of oral demand, by the holder of the notes, of the trustees that they should take possession of the property, because his security was becoming endangered, for the reason that the instrument required written notice; and also excluded a letter by the holder to them, as not showing any such demand. He ruled that the verdict should be for the defendant for his damages. The defendant testified on his own behalf, that the household furniture taken was worth $500 and the stock in trade $300. The court then charged the jury that, in ascertaining the damages, they should take into consideration the value of the goods; and that there was no evidence of damage suffered by the detention of the goods. The jury returned a verdict, assessing the damages at $800. Plaintiffs moved in arrest of judgment on the ground that the court had no jurisdiction to render any judgment. This being overruled, they have appealed.

At the time the suit was instituted the justice's court had jurisdiction of actions of replevin where the value of the property did not exceed $300 in value. By the act converting the justice's court into the municipal court, approved February 17, 1909, that jurisdiction was increased to $500 in value. When the value is in excess of $100 and less than $500 the jurisdiction is concurrent with the supreme court of the District. An appeal lies to the supreme court of the District, from judgments of the justices of the peace and the municipal court, and the same shall be heard in a summary way *de novo* upon the proofs and allegations of the parties; either party being entitled, upon demand, to trial by jury. Section 80.

*Mr. Eugene A. Jones* and *Mr. Michael J. Keane* for the appellants.

*Mr. W. E. Ambrose* and *Mr. John Ridout* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The jurisdiction of the justice's court depended upon the value of the goods. On the face of the demand the court had jurisdiction of the action, because the goods were alleged to be of less value than $300. The defendant, who was better informed than anyone else, apparently, as to the real value of the goods, made no objection to the jurisdiction, and, the judgment being in his favor, there was no evidence of value. On the trial in the appellate court, he was the sole witness as to value, and the jury accepted his valuation in the verdict returned. Had this value been made to appear in the justice's court, its want of jurisdiction would have been clear, and it could not have proceeded to judgment. The authorities all agree that, when the court of the first instance has no jurisdiction, the appellate court can acquire none by virtue of the appeal, notwithstanding the trial therein be *de novo,* and it would have original jurisdiction of the amount involved. Among other cases that might be cited, see *Linton* v. *Vogel,* 98 Pa. 457, 459; *Felt* v. *Felt,* 19 Wis. 193–197; *Timmins* v. *Bonner,* 58 Tex. 554–562; *Osgood* v. *Thurston,* 23 Pick. 110. It is contended that the plaintiffs, having alleged the value of the goods to be within the jurisdiction of the justice of the peace, are now estopped to deny the same. There have been cases, it is true, where parties have been held estopped to deny the validity of a judgment rendered without jurisdiction of the person, by reason of their conduct in subsequent litigation involving the same. See *Davis* v. *Wakelee,* 156 U. S. 680–685, 39 L. ed. 578–583, 15 Sup. Ct. Rep. 555. The conditions of the present case are quite different. Under the facts of this case, the proposition is practically this,—that jurisdiction can be given by consent of the parties. This cannot be done. For analogous cases, see *Capron* v. *Van Noorden,* 2 Cranch, 126, 2 L. ed. 229; *Jordan* v. *Dennis,* 7 Met. 590. In that case Chief Justice Shaw said: "It may seen on the

first suggestion that the law should depart from its usual rules of action in allowing a party to take advantage of his own wrong, and reverse a judgment for an error which he himself has committed in bringing his suit in a court having no jurisdiction. But without stopping to consider how far this consideration would apply to other species of error, we find that whatever other defects may be waived, consent cannot give jurisdiction, where the law has not given it."

While the case of the appellee is a hard one, it does not appear that the appellants intended to mislead, or take advantage of him. They were not as familiar as the appellee with the value of the property, and for all that appears made the allegation of value in good faith. Yet the appellee, who was all the time cognizant of the real value, permitted the case to proceed in the justice's court without question, and it was upon his testimony alone that the value was found to be above that of the jurisdiction of the court. It would seem that he is as much to blame for the situation in which he finds himself, as are the opposing parties.

Finally, the appellee suggests that the court may, at least, modify the judgment so as to reduce it to $500. Treating this as equivalent to asking leave to remit the excess of $300 we must deny it. It being plain that the courts below were without jurisdiction, it is beyond the power of this court to confer jurisdiction in such manner. The judgment must be reversed, with costs, and the cause remanded, with direction to dismiss the same for want of jurisdiction.          *Reversed.*

On January 16, 1912, the appellee moved to amend the order of this court.

The motion was granted February 19, 1912, Mr. Chief Justice SHEPARD delivering the opinion of the court:

The appellee moves that the order reversing the judgment in this cause, and remanding it, with direction to dismiss for want of jurisdiction in the municipal court, be amended, directing that the cause be remanded to the municipal court, with direction

to that court to quash the writ of replevin, and order the return of the goods taken thereunder.

The motion is based on the last paragraph of section 17 of the Code [31 Stat. at L. 1192, chap. 854], which provides that "if it shall be made to appear to the said justice that the property is of the value of over $300, he shall quash the writ of replevin and direct the property to be returned to the party out of whose possession it was taken."

The case was directed to be dismissed, because it was made to appear that the value of the property was over $300, and hence the municipal court had no jurisdiction of the action of replevin. Under the established rule of law, a court without jurisdiction in the action of replevin would have no power to make an order for the return of the property taken under the writ. The provision aforesaid was enacted to change this rule. The record is defective in that it does not show what disposition was made of the seized property, and the matter was not brought to the attention of the court on the hearing. The judgment will be amended so as to direct that the cause be remanded to the supreme court of the District, with direction to dismiss the appeal and remand the cause to the municipal court, with direction to that court to quash the writ of replevin and to make the order for the return of the property as required by the Code.