## 1425 F STREET CORPORATION v. JARDIN.

### No. 493.

Municipal Court of Appeals for the District of Columbia.

May 16, 1947.

Rehearing Denied June 2, 1947.

Samuel Barker, of Washington, D. C. (Lichtenberg & Barker, of Washington, D. C., on the brief), for appellant.

Dorsey K. Offutt, of Washington, D. C. (Joseph P. Smyth, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case began as a $40 wage claim, but soon grew into a $3,000 libel and slander case.

It happened this way: Rene R. Jardin had been employed as a bartender at a restaurant operated by appellant, 1425 F Street Corporation. Early in January 1946 he left its employ and soon thereafter filed a claim for $40 for unpaid wages in the Small Claims Branch of the Municipal Court. Defendant corporation filed an answer and plea of set-off, charging that plaintiff owed it $2,000 for monies which he, as bartender, "working in conjunction

---

with other waiters" had taken and converted to his own use. Plaintiff then filed in the same case a "counterclaim" alleging that he had been libeled by the charge of conversion in defendant's plea of set-off, and by a similar charge made against him to representatives of his labor union. Later, with leave of court, plaintiff filed an amended "counterclaim" detailing and enlarging upon his charges ·of libel and slander. He claimed compensatory and punitive damages in the sum of $3,000.

Defendant having demanded trial by jury, the case was so tried and resulted in a verdict for plaintiff for $540. Defendant filed in this court an application for appeal, which we allowed.[1] Appellant has assigned several errors which it says took place in the course of the trial. These, however, we cannot consider because, we think the judgment itself was void for want of jurisdiction.

In creating the Small Claims Branch of the Municipal Court, Congress removed from the general jurisdiction of the Municipal Court all cases in which the amount of plaintiff's claim did not exceed $50, exclusive of interest, attorney's fees, protest fees, and costs. Congress prescribed special procedures to govern the filing, hearing and disposition of such cases,[2] and made the jurisdiction of the new Branch exclusive in such cases.[3] Plaintiff's original wage claim of $40 was therefore properly filed in that Branch. So also was defendant's set-off of $2,000, for the statute specifically provides: "If the set-off or counterclaim be for more than the jurisdictional limit of said branch but within the jurisdictional limit of this court, the action shall nevertheless remain in said branch and be tried therein in its entirety." Code 1940, § 11—809.

■ But there is nothing in the statute which authorizes a plaintiff to file or prosecute in that Branch a claim for more than $50, whether it be as an original claim or in the form of an addendum, as plaintiff's $3,000 "counterclaim" obviously was. When that counterclaim was filed it became subject to a motion to strike for want of jurisdiction. Or the court, on its own motion, should have noticed its lack of jurisdiction to entertain the claim and should have stricken it.[4]

It may be noted that had plaintiff filed his $3,000 libel claim as a separate Class 'A case[5] in the Municipal Court the case might, by consent, have been certified to the Small Claims Branch for conciliation or trial in conjunction with his pending wage claim.[6] But plaintiff did not follow such procedure. Instead he added to his $40 wage claim a $3,000 libel and slander suit and thus was attempting to assert in the Small Claims Branch a claim of $3,040. Over such a claim the Small Claims Branch clearly had no jurisdiction. Indeed, the general jurisdiction of the Municipal Court itself stops at $3,000.[7]

■■ It is true, as we have seen, that the question of jurisdiction was not raised either in the trial court or before us. Nevertheless it is our duty to notice the excess of jurisdiction,[8] because neither silence nor consent of the parties can confer jurisdiction,[9] especially when such jurisdiction is lacking under a statute.[10] And the statute which governs this situation plainly defines the special jurisdictional limitations of the Small Claims Branch. Thus it seems plain beyond question that plaintiff was proceeding on a claim which the Small Claims Branch had no right to entertain, and that the judgment entered upon said claim was void.

In disposing of the case as we do, we are following the law as it has many times

---

[1] Under the statute there is no appeal of right from judgments of the Small Claims Branch; the method of review is by application for appeal. Code 1940, § 11—772.

[2] Code 1940, § 11—801 et seq.

[3] Code 1940, § 11—804.

[4] See United States v. Corrick, 298 U. S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 and cases there cited; Cover v. Schwartz, 2 Cir., 133 F.2d 541.

[5] Class A embraces claims over $500.

[6] Code 1940, § 11—810; Small Claims Conciliation Rule 4.

[7] Municipal Court Act of April 1, 1942, Code 1940, § 11—751 et seq.

[8] Ray v. Bruce, D.C.Mun.App., 31 A.2d 693.

[9] Yeager v. District of Columbia, D.C. Mun.App., 33 A.2d 629.

[10] Wallace v. Degree, 38 App.D.C. 145; Cover v. Schwartz, supra.

been declared by the Supreme Court and in the federal circuits,[11] in this jurisdiction,[12] and in the States as well.[13] We know of no exception to the rule and we see no alternative except to order the judgment set aside.

Reversed, with instructions to vacate the judgment, to strike plaintiff's counter-claim of $3,000, and to award a new trial of plaintiff's original wage claim and defendant's plea of set-off.

[11] Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; United States v. Ickes, 66 App.D.C. 3, 84 F. 2d 257; International & G. N. R. Co. v. Hoyle, 5 Cir., 149 F. 180; American Bridge Co. v. Hunt, 6 Cir., 130 F. 302.

[12] Wallace v. Degree, supra.

[13] See 4 C.J.S., Appeal and Error, § 41, p. 123.