## HILLYARD v. KLEIN.
### No. 769.

Municipal Court of Appeals for the District of Columbia.

March 18, 1949.

Joseph J. Lyman, of Washington, D. C., for appellant.

Milton L. Klein, pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant — defendant below — appeals from an order of the trial court dismissing a counterclaim on the ground that the amount claimed therein—$25,000—exceeds the jurisdiction of the Municipal Court.

Plaintiff sued defendant for $175 for labor and materials claimed to have been furnished at premises 711 G Street, N. W., in January 1948. The suit being for less than $500 was what is described as a "B" suit, and defendant was not required to file any responsive pleading. He filed an answer, however, denying that he owed the $175 and also filed a counterclaim. In the counterclaim he alleged that plaintiff had negligently installed electrical wiring in the premises in February 1948 resulting in a fire which totally destroyed the building. Based upon these allegations, defendant claimed damages of $25,000 of plaintiff.

The trial court was clearly right in dismissing the counterclaim. In some classes of cases, such as suits for rent overcharges and actions transferred by the District Court, the jurisdiction of the Municipal Court is unlimited as to amount.[1] However, its jurisdiction in tort and contract cases is limited to $3,000, and we are entirely clear that this limitation applies not only to the original claim but also to counterclaims and crossclaims. The applicable part of the statute provides: " * * * the said court shall have exclusive jurisdiction of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000 * * * "[2]

---

[1] Code 1940, Supp. VI, § 45—1610(a); Code 1940, Supp. VI, § 11—756(a).

[2] Code 1940, Supp. VI, § 11—755(a).

To hold the limitation applies to the action but not to the counterclaim would be a construction so strained that we do not believe it requires extended discussion.

Defendant has bottomed his argument almost completely upon the contention that under the Federal Rules of Civil Procedure and the rules of the Municipal Court his claim constitutes a compulsory counterclaim which would be waived if not pleaded in the Municipal Court action. The Municipal Court, however, could not change or enlarge its jurisdiction by rule and it has not sought to do so. Its rule 13(a), under the heading "compulsory counterclaims" provides, "A pleading shall state as a counterclaim any claim, *over which the Court has jurisdiction*, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction." (Emphasis supplied.) It is obvious that the purpose of including in the rule the words "over which the Court has jurisdiction" was to meet precisely the sort of situation encountered here.

Embarrassments sometimes resulting from just such jurisdictional conflicts were discussed in Geracy, Inc., v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185. The proper administration of justice obviously would be promoted by either giving the Municipal Court jurisdiction over such counterclaims or providing for the transfer of such cases to the District Court just as certain cases may now be transferred by the District Court to the Municipal Court. Such embarrassments, however, present legislative problems beyond the power of the courts to solve.[3]

Affirmed.

---

[3] Cf. 1425 F. Street Corp. v. Jardin, D.C.Mun.App., 53 A.2d 278.