John L. McCRAY, Appellant,

v.

Hattie R. McGEE, Appellee.

No. 85–476.

District of Columbia Court of Appeals.
Submitted Nov. 26, 1985.
Decided Feb. 5, 1986.

---

Paul J. Maloney and William J. Carter, Washington, D.C., were on the brief, for appellant.

M. Stanley Covington, Washington, D.C., was on the brief, for appellee.

Before PRYOR, Chief Judge, and MACK and TERRY, Associate Judges.

TERRY, Associate Judge:

This appeal requires us to decide whether the Small Claims and Conciliation Branch of the Superior Court has jurisdiction to entertain a cross-claim in excess of $2,000. We hold that it does not, and thus we reverse the trial court's judgment in favor of the cross-claimant.

I

Three cars collided near the intersection of Piney Branch Road and Rittenhouse Street, Northwest. All three were headed north on Piney Branch Road. Appellant McCray's car was in the right-hand lane, and appellee McGee's car was in the left-hand lane behind a taxicab owned by Robert Wiley and driven by Antonio Burnette. McGee's car struck the taxicab in the rear. The impact caused McGee's car to swerve into the right-hand lane, directly in front of McCray. Unable to stop, McCray struck McGee's car.[1]

Wiley sued McGee and McCray in the Small Claims and Conciliation Branch of the Superior Court ("the Small Claims Branch"), seeking $700 in damages. McGee in turn filed a counterclaim for $2,700 against Wiley. She also filed a cross-claim for $2,700 against McCray, her co-defendant. McCray filed an answer to the cross-claim in which he asserted four defenses, one of them being that the court lacked jurisdiction to adjudicate the merits of the cross-claim.

After a trial, the court entered a default judgment for $693.24 in favor of Wiley against McCray. McGee was successful in her defense against Wiley's claim, but Wiley prevailed on McGee's counterclaim. At a later date, after another trial, the court found in favor of McGee on her cross-claim against McCray and entered a judgment for $2,635.22. McCray's motion to set aside the default judgment was denied.

McCray then applied to this court for the allowance of an appeal. D.C.Code § 11–721(c) (1981). A motions division granted the application, but limited the appeal to the issue of whether the Small Claims Branch had jurisdiction to decide a cross-claim in excess of $2,000.[2]

II

The Small Claims Branch "has exclusive jurisdiction of any action within the jurisdiction of the Superior Court which is only for the recovery of money, if the amount in controversy does not exceed $2,000...." D.C.Code § 11–1321 (1985 Supp.). This jurisdictional limitation, however, does not apply to set-offs and counterclaims. D.C.Code § 16–3904 (1981) provides that when a "set-off or counterclaim is for more than the jurisdictional limit of the Small Claims and Conciliation Branch, as provided by section 11–1321, but within the jurisdiction of the Superior Court, the action shall nevertheless remain in the Branch and be tried therein in its entirety." Because section 16–3904 does not mention cross-claims, appellant contends that the Small Claims Branch was without jurisdiction to entertain and decide the cross-claim in this case, which exceeded the $2,000 jurisdictional limit.

---

1. The record reflects that McGee was charged with following another vehicle too closely, in violation of 18 DCMR § 2201.4 (1981). Neither of the other drivers was charged with any traffic violation.

2. The default judgment in favor of Wiley is therefore not before us, and Wiley is not a party to this appeal.

■ Appellee presents the simple argument that a cross-claim "is essentially the same" as a counterclaim; therefore, she maintains, Congress must have intended the Small Claims Branch to have jurisdiction over a cross-claim that exceeds the $2,000 jurisdictional limit, since it specifically provided the Branch with jurisdiction over counterclaims that exceed that limit. This argument, however, ignores a basic rule of statutory construction: that when a legislature makes express mention of one thing, the exclusion of others is implied, because "there is an inference that all omissions should be understood as exclusions." 2A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 47.23 (4th ed. 1984); *see, e.g., Thayer v. State,* 335 So.2d 815, 817 (Fla.1976); *Shapiro v. Essex County Board of Chosen Freeholders,* 177 N.J.Super. 87, 94, 424 A.2d 1203, 1207 (1980); *Patrolmen's Benevolent Ass'n v. City of New York,* 41 N.Y.2d 205, 209, 359 N.E.2d 1338, 1341, 391 N.Y.S.2d 544, 546 (1976); *Zumbo v. Town of Farmington,* 60 A.D.2d 350, 354, 401 N.Y.S.2d 121, 123 (1978). The doctrine is generally known by the Latin phrase *expressio unius est exclusio alterius,* "the mention of one thing implies the exclusion of another." 73 AM. JUR. 2D *Statutes* § 211 (1974). "Hence, a statute that mandates a thing to be done in a given manner, or by certain persons or entities, normally implies that it shall not be done in any other manner, or by other persons or entities." *Id.; see Botany Worsted Mills v. United States,* 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379 (1929).

■ D.C.Code § 11–1321 (1985 Supp.) limits the jurisdiction of the Small Claims Branch to claims of $2,000 or less. It also provides that actions affecting real property may not be brought there, and states that "[i]f a counterclaim, *cross claim,* or any other claim or any defense, affecting an interest in real property, is made in an action brought in the Branch, the action shall be certified to the Civil Division." [Emphasis added.] Because both cross-claims and counterclaims are specifically

mentioned in section 11–1321, Congress plainly could not have intended to include one within the other in section 16–3904. The terms are not used interchangeably in section 11–1321, nor are they in fact interchangeable; they are not "essentially the same," as appellee argues. We therefore hold that Congress, by failing to mention cross-claims in section 16–3904, must be presumed to have consciously excluded cross-claims from that section. The jurisdiction of "a statutory court of limited jurisdiction ... is not to be extended by inference or implication unless necessary to carry out the plain intention of Congress." *Davis v. Universal Corp.,* 133 A.2d 479, 480–481 (D.C.1957). There is no evidence of any congressional intent to include cross-claims within the proviso in section 16–3904. The legislative history of that section is silent on this point, *see* S.REP. No. 1033, 75th Cong., 1st Sess. (1937), and we cannot presume to speak on Congress' behalf.

Moreover, "[b]y the weight of authority ... in an action on a claim for an amount within its jurisdiction, a court does not have jurisdiction of a cross-demand which exceeds its maximum jurisdiction." 21 C.J.S. *Courts* § 66, at 85 (1940) (footnote omitted). D.C.Code § 16–3904 is contrary to this general rule, but only with respect to set-offs and counterclaims. We cannot stretch the statutory language to hold that Congress also intended to deviate from the general rule with respect to cross-claims, a type of pleading as to which it was silent. *See* 2A SUTHERLAND, *supra,* § 47.23; *cf. Elliott v. Roach,* 409 N.E.2d 661, 666 (Ind. App.1980) (court did not apply general rule because statute specifically included both "counterclaim" and "cross-claim").

The decision in *1425 F Street Corp. v. Jardin,* 53 A.2d 278 (D.C.1947), supports our holding here. The plaintiff in that case filed an action in the Small Claims Branch to recover from the defendant $40 in unpaid wages. The defendant, however, counterclaimed for $2,000, alleging that the plaintiff, who had worked for the defend-

ant as a bartender, had taken and converted money to his own use. The plaintiff then filed a "counterclaim" for $3,000 against the defendant's counterclaim, alleging that he had been libeled by the defendant's charge of conversion, and by a similar charge made by the defendant against him to representatives of his labor union. The plaintiff won a judgment for $540.

On appeal, this court held that although the plaintiff's original claim of $40 was properly filed in the Small Claims Branch, as was the defendant's $2,000 set-off,[3] the plaintiff's $3,000 "counterclaim" to the defendant's counterclaim was beyond the trial court's jurisdiction:

> [T]here is nothing in the statute which authorizes a plaintiff to file or prosecute in [the Small Claims] Branch a claim for more than $50, whether it be as an original claim or in the form of an addendum, as plaintiff's $3,000 "counterclaim" obviously was. When that counterclaim was filed it became subject to a motion to strike for want of jurisdiction. Or the court, on its own motion, should have noticed its lack of jurisdiction to entertain the claim and should have stricken it.

*Id.* at 279 (footnote omitted). Although the jurisdictional issue had not previously been raised, it was this court's "duty to notice the excess of jurisdiction, because neither silence nor consent of the parties can confer jurisdiction, especially when such jurisdiction is lacking under a statute." *Id.* (footnotes omitted). We concluded that

"the statute which governs this situation plainly defines the special jurisdictional limitations of the Small Claims Branch. Thus, it seems plain beyond question that plaintiff was proceeding on a claim which the Small Claims Branch had no right to entertain, and that the judgment entered upon said claim was void." *Id.*

In this case likewise, we hold that the judgment entered upon McGee's cross-claim was void. The cross-claim should not have been considered in the Small Claims Branch. Had the interests of justice so required, the trial court could have certified the entire case to the Civil Division. D.C.Code § 11–1323(b) (1981). But, absent statutory authorization, it had no power to hear a cross-claim that exceeded the $2,000 jurisdictional limitation. If the cross-claim had been for $2,000 or less, the Small Claims Branch would have been empowered to render judgment on it. Cross-claims in excess of $2,000, however, must be filed separately in the Civil Division.

The judgment on the cross-claim is reversed. This case is remanded to the trial court with directions to dismiss the cross-claim for lack of jurisdiction.

*Reversed and remanded.*

---

**3.** The jurisdictional limit of the Small Claims Branch at that time was $50, subject to an exception like that now found in section 16–3904: "If the set-off or counterclaim be for more than the jurisdictional limit of said branch but within the jurisdictional limit of [the] court, the action shall nevertheless remain in said branch and be tried therein in its entirety." D.C.Code § 11–809 (1940).