## Claire RILEY & Richard Condit, Appellants,

v.

## Adrian FENTY & District of Columbia Department of Youth Rehabilitation Services, Appellees.

### No. 09–CV–812.

District of Columbia Court of Appeals.

Argued Sept. 21, 2010.

Decided Nov. 12, 2010.

---

Richard E. Condit, Washington, DC, for appellants.

Mary L. Wilson, Senior Assistant Attorney General, with whom Peter J. Nickles, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for appellees.

Before RUIZ, BLACKBURNE– RIGSBY, and OBERLY, Associate Judges.

OBERLY, Associate Judge:

Under the District of Columbia's Freedom of Information Act (FOIA), D.C.Code § 2–531 *et seq.* (2001), married appellants Richard Condit and Claire Riley requested all Department of Youth Rehabilitation Services (DYRS) records "that pertain to" themselves and their five children. Appellants also requested disclosure of DYRS staff and administrative manuals, statements of policy, and interpretations of policy, acts, regulations and rules relating, in broad terms, to matters involving committed youth. DYRS concluded that the personal records were statutorily exempt from disclosure as "juvenile social records" required to be kept confidential under D.C.Code § 16–2332(b)(1) (Supp.2010). DYRS did provide appellants with substantially all the manuals, statements, and interpretations they requested. On administrative appeal pursuant to D.C.Code § 2–537(a), the Mayor affirmed the agency's decision to withhold the personal records pertaining to appellants and their children as protected juvenile social records and noted that the Mayor's office had previously directed the agency to provide appellants with the requested manuals, statements, and interpretations. Appellants thereafter filed suit in Superior Court seeking release of the withheld documents. We affirm the trial court's rulings that the personal records are exempt from disclosure and that appellants are not entitled to attorney's fees and costs.

## I. Facts and Procedural History

Two of appellants' children were committed to the custody of DYRS in 2005, but on May 8, 2007, DYRS closed each child's case, apparently without any prior notice to appellants. On May 12, 2007, appellants filed their FOIA request. FOIA gives "any person" the right to inspect and copy any public record of a public body, subject to certain exemptions. *See* D.C.Code § 2–532. In response to the personal records request, DYRS asserted that the records were exempt from FOIA as "[i]nformation specifically exempted from disclosure by statute." D.C.Code § 2–534(a)(6). District law states that DYRS "[r]ecords pertaining to youth in the custody of the Department or contract providers shall be privileged and confidential and shall only be released pursuant to § 16–2332." D.C.Code § 2–1515.06(a) (Supp.2010). In turn, § 16–2332(b)(1) allows the release of juvenile social records only to limited persons and agencies, and for limited purposes. *See* D.C.Code § 16–2332(b)(1).[1] Parents are not included.

---

1. D.C.Code § 16–2332(b)(1) and (2) provide:
 (b)(1) Juvenile social records shall be kept confidential and shall not be open to inspection; but, subject to the limitations of subsection (c), the inspection of those records shall be permitted to—

Though DYRS asserted that the personal records were exempt, it informed appellants that it was working on compiling the requested manuals, statements, and interpretations. The agency provided appellants with the vast majority of these documents on August 16, 2007. On October 24, 2007, pursuant to D.C.Code § 2–537(a)(1), appellants filed suit against the Mayor and DYRS alleging violations of FOIA for the agency's failure to provide appellants with the requested personal records pertaining to the appellants and their five children. Appellants' suit also requested the manuals, statements, and interpretations the agency had furnished them nearly two months earlier and, citing D.C.Code § 2–536(a)(2) and (4), further demanded that defendants publish the manuals, state-ments, and interpretations on the Internet or otherwise make them publicly accessible. Appellants' complaint did not acknowledge that they already had received essentially all of the manuals, statements, and interpretations they requested nearly two months prior to filing suit.

On February 15, 2008, the Superior Court granted the District's motion to dismiss the claim for release of the personal records, holding that the records were exempt from FOIA under §§ 2–1515.06(a) and 16–2332(b)(1). It denied the District's motion to dismiss the claims pertaining to the manuals and policy documents, rejecting the argument that appellants lacked standing because their complaints that defendants had not made the manuals and related documents public as required by

(A) judges and professional staff of the Superior Court and the Attorney General and his assistants assigned to the Division;

(B) the attorney for the child at any stage of a proceeding in the Division, including intake;

(C) any court or its probation staff, for purposes of sentencing the child as a defendant in a criminal case, and, if and to the extent other presentence materials are disclosed to him, the counsel for the defendant in that case;

(D) public or private agencies or institutions providing supervision or treatment, or having custody of the child, if the supervision, treatment, or custody is under order of the Division;

(E) other persons having a professional interest in the protection, welfare, treatment, and rehabilitation of the respondent or of a member of his family, or in the work of the Division, if authorized by rule or special order of the court;

(F) professional employees of the Social Rehabilitation Administration of the Department of Human Services when necessary for the discharge of their official duties;

(G) The Child Fatality Review Committee for the purposes of examining past events and circumstances surrounding deaths of children in the District of Columbia or of children who are either residents or wards of the District of Columbia, or for the discharge of its official duties;

(H) authorized personnel in the Mayor's Family Court Liaison, the Department of Health, the Department of Mental Health, the Child and Family Services Agency, the Department of Human Services, and the District of Columbia Public Schools for the purpose of delivery of services to individuals under the jurisdiction of the Family Court, or their families;

(I) the Child and Family Services Agency when necessary for the discharge of its official duties;

(J) law enforcement officers of the United States, the District of Columbia, and other jurisdictions when a custody order has issued for the respondent, except that such records shall be limited to photographs of the child, a physical description of the child, and any addresses where the child may be found, and the law enforcement officer may not be permitted access to any other documents or information contained in the social file; and

(K) Authorized persons for the purposes of and in accordance with Title I of the Data–Sharing and Information Coordination Amendment Act of 2010, passed on 2nd reading on June 29, 2010 (Enrolled version of Bill 18–356) [§ 7–251 et seq.].

(2) Records inspected may not be divulged to unauthorized persons.

law were no more than "generalized grievances." Subsequently, the parties reached an oral stipulation in which they agreed that the only matter still in contention was appellants' claim for attorney's fees and costs and that the case should be closed in all other respects. On June 10, 2009, the trial court denied appellants' motion for attorney's fees and costs, holding that appellants did not "substantially prevail" on their claims. On July 9, 2009, appellants filed a notice of appeal from the trial court's orders of February 15, 2008 and June 10, 2009.

## II. Discussion

██ "Our Freedom of Information Act ... is designed to promote the disclosure of information, not to inhibit it." *Washington Post v. Minority Bus. Opportunity Comm'n*, 560 A.2d 517, 521 (D.C. 1989). For that reason, "the provisions of the Act giving citizens the right of access are to be generously construed," while the statutory "exemptions [from disclosure] are to be narrowly construed, with ambiguities resolved in favor of disclosure." *Id.* That is why the statute places the burden of defending a decision to withhold production of requested records on the agency. D.C.Code § 2–537(b).

██ What is more, to meet its burden the agency typically is required to provide a reviewing court with sufficient information in the form of affidavits, so-called *Vaughn* indexes,[2] oral testimony, or an *in camera* review of responsive documents to enable the court—not the agency—to be the final arbiter of the propriety of the agency's decision to withhold information. *See, e.g., Gallant v. NLRB*, 26 F.3d 168, 172 (D.C.Cir.1994) (citation omitted).

FOIA also requires an agency seeking to withhold requested documents first to determine whether any portions of the documents are "reasonably segregable" from the protected portions and, if so, to provide those portions to the requestor. *See* D.C.Code § 2–534(b); *Washington Post v. Minority Bus. Opportunity Comm'n*, 560 A.2d at 522–23. As the court explained in *Vaughn*, 484 F.2d at 826, "[i]t is vital that some process be formulated that will (1) assure that a party's right to information is not submerged beneath government obfuscation and mischaracterization, and (2) permit the court system effectively and efficiently to evaluate the factual nature of disputed information."

In the case before us, DYRS failed to provide the court with affidavits, a *Vaughn* index, testimony, or any other verifiable support for its determination that the personal records sought by appellants were statutorily protected from disclosure as "juvenile social records" within the meaning of D.C.Code § 16–2332(b)(1) and also as documents the disclosure of which would constitute an unwarranted invasion of personal privacy under D.C.Code § 2–534(a)(2). Although it stated that the documents contained "treatment team notes," it did not elaborate on the content of such notes or whether all the documents requested contained such notes. DYRS simply asserted that "juvenile social records" are not subject to redaction at all because they are deemed confidential by statute.

In normal circumstances, such a record would cause us to feel constrained to hold that the agency failed to meet its burden of defending its decision to withhold production. We note that the agency's position at oral argument came close

2. A *Vaughn* index, first described in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), is composed of "detailed indexes itemizing each item withheld, the exemptions claimed for

that item, and the reasons why the exemption applies to that item." *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1463 (D.C.Cir. 1984).

to suggesting a view that documents in the possession of the DYRS, by the very nature of the agency's mission, must always fall within a category statutorily protected from disclosure and that the agency therefore need not follow the well-established procedures applicable to other agencies seeking to defend their decisions to withhold documents sought under FOIA. Yet we know from this very case that the DYRS does have documents that constitute public records that must be produced, to wit, the manuals, statements, and interpretations, and we have no doubt that there are many other documents within the agency's possession that lack statutory protection from disclosure. The agency should be careful not to paint with too broad a brush when it asserts that records requested from it are statutorily exempt from disclosure.

■ That said, we conclude that this case is unique. Appellants essentially drafted their way right into the teeth of the statutory exemption upon which the District relies when they sought all DYRS records that "pertain to" themselves and their children. On the very terms of appellants' FOIA request, the personal records sought fall squarely within the class of youth records the District of Columbia's Council makes privileged and confidential in § 2–1515.06(a). Given the wording of the request, there are no records that could simultaneously fit within the category of documents sought by appellants yet not be protected by § 2–1515.06(a). There would be no reason for DYRS, a specialized agency with a focused mission, to have records about either children not in its

custody, or adults, if the records did not pertain to youth in its custody.

Appellants' request for records pertaining to themselves and their children gives them no greater right to the records than anyone else would have. FOIA gives "any person" the right to inspect public records, regardless of his or her relationship to the subject matter of the records. *See* D.C.Code § 2–532(a) ("Any person has a right to inspect...."). It is true that the confidentiality of juvenile records is not absolute. *See* D.C.Code § 16–2332(b)(1). Notably, however, parents are not included in the list of persons for whom the confidentiality of these records is excepted. *See id.,* reprinted at note 1, *supra.* "[A] basic rule of statutory construction [is] that when a legislature makes express mention of one thing, the exclusion of others is implied, because 'there is an inference that all omissions should be understood as exclusions.'" *McCray v. McGee,* 504 A.2d 1128, 1130 (D.C.1986) (citation omitted). This maxim is all the more applicable to the present case in light of the Council's express decision to allow parents to inspect a juvenile's case records in ongoing Family Division proceedings, even though those case records are also generally confidential. *See* D.C.Code § 16–2331(b)(3) (Supp.2010).[3]

Section 2–1515.06 is particularly broad in its protection of youth records and particularly specific about the source of the protected records: DYRS. For this reason, appellants' reliance on *Larson v. Department of State,* 565 F.3d 857 (D.C.Cir.2009), to support their claim that the DYRS must provide indexes and affidavits is inapposite. In *Larson,* the court inspected affi-

---

3. While irrelevant to a determination of the availability of the records under FOIA, we understand that appellants' request relates to a pending suit against the District in federal court, in which appellants challenge the District's termination of services for their two adopted children. Our opinion addresses only appellants' entitlement to the documents under FOIA; we express no view as to appellants' entitlement to the documents through discovery or other litigation tools in their federal suit.

davits and *Vaughn* indexes from national intelligence and security agencies to determine if the requested records were statutorily exempt from the federal FOIA. *See Larson,* 565 F.3d at 862. However, unlike § 2–1515.06(a), none of the statutes the government relied on in *Larson* specified one particular government source or type of exempted records. *See id.* at 865, 868. Thus, in *Larson,* application of FOIA's statutory exemption to the requested records was not obvious without an explanation of the records' content. Such exploration is unnecessary here to conclude that the exemption applies.

▆ It goes almost without saying that the sensitive records here, which are personal to one family and would be identifiable as such even with redaction, also are not subject to the segregation that FOIA usually requires. *See* D.C.Code § 2–534(b) ("Any reasonably segregable portion of a public record shall be provided to any person requesting the record after deletion of those portions which may be withheld from disclosure pursuant to subsection (a) of this section."). In *Hines v. District of Columbia Bd. of Parole,* 567 A.2d 909, 911 (D.C.1989), we denied the petitioner's request for parole records, observation reports, and other documents personal to other prisoners, which could not be sufficiently redacted to obscure the identity of the subjects of the records. In the records appellants seek, the identity of the minors would be even more ascertainable than the identity of the prisoners in *Hines.*

Moreover, as we stated in *Hines,* an agency's duty to determine if any records are segregable, and a trial court's duty to

inspect records *in camera* to do the same, "presuppose a request more focused than 'give me all you have and, if you must, redact the names.'" 567 A.2d at 914. Appellants have not given the court any more focused or specific a request than for "all 'public records' ... maintained by DYRS or its agents or contractors." In this case, regardless of DYRS's position on the segregability of the requested documents, the agency's usual obligation to provide any segregable documents is not triggered by appellants' sweeping request. The requested records concern the delicate world of youth rehabilitation. The nature of the records, coupled with the breadth of appellants' request for everything related to seven individuals (two of whom were in DYRS's custody), means that the requested records are not subject to redaction and partial release.[4]

▆ Turning finally to appellants' claim for attorney's fees and costs, we affirm the trial court's denial of the request, notwithstanding the court's mistaken invocation of the "substantially prevailed" standard set forth in the federal FOIA instead of the "prevailed in whole or in part" standard applicable to our FOIA (*compare* 5 U.S.C. § 552(a)(4)(E) (2006) *with* D.C.Code § 2–537(c)). This is a case where appellants simply did not prevail, either "substantially" or "in part." Under our statute, a claimant is awarded attorney's fees and other costs of litigation only when he or she "prevails in whole or in part in" a suit brought after he or she is denied the right to inspect a public record by a public body and the Mayor. *See* D.C.Code § 2–537(c). Appellants clearly did not prevail on their claim for release of personal documents:

---

4. Because we agree that the requested records are exempt under § 2–534(a)(6) (information specifically exempted from disclosure by statute), we do not reach the District's argument that the personal privacy exemp-

tion, § 2–534(a)(2), also protects the records from disclosure. *See Wemhoff v. District of Columbia,* 887 A.2d 1004, 1013 n. 6 (D.C. 2005).

 

the Superior Court granted the District's motion to dismiss that claim, which we affirm. And DYRS provided appellants with the requested manuals, statements of policy, and interpretations thereof (except for five pages of one document) in August 2007, two months prior to the filing of appellants' suit. The suit therefore was wholly unrelated to (and wholly unnecessary for) the release of the manuals, statements, and interpretations. Appellants' assertion at oral argument that DYRS provided an additional "small stack" of documents after appellants filed the suit is unsubstantiated in the record; to the contrary, the record shows that the District produced all but five pages of the requested records two months before suit was filed. Appellants have produced no evidence to counter either the chronology or the volume of the production shown in the record before us. *See Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 428 (2d Cir.1999) ("In general, the law places the burden of proof on the party that asserts a contention and seeks to benefit from it."). In short, as appellants did not prevail in whole or in part in their suit, they are not entitled to attorney's fees or costs.

Even if appellants had prevailed, prevailing *pro se* attorneys in FOIA actions are not eligible for attorney's fee awards. *See McReady v. Department of Consumer & Regulatory Affairs*, 618 A.2d 609, 615 (D.C.1992). That Mr. Condit represented Ms. Riley as well as himself is immaterial. It required no more work for Mr. Condit to represent himself and his wife than if he had just represented himself; he filed a single FOIA request on behalf of both of them and he advanced no arguments on behalf of Ms. Riley that were not equally applicable to his claim. In addition, there is no evidence of an attorney-client relationship or fee arrange-

ment between Mr. Condit and Ms. Riley. The District's FOIA provision for an award of attorney's fees is available only to prevailing claimants with the actual burden of paying those fees out-of-pocket. *See Donahue v. Thomas*, 618 A.2d 601, 607 (D.C.1992).

### III. Conclusion

Accordingly, the trial court's judgment is

*Affirmed.*