*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-CV-0031

TAX ANALYSTS
and
AARON DAVIS, APPELLANTS,

V.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2020-CA-001999-B)

(Hon. Robert R. Rigsby, Trial Judge)

(Argued March 8, 2022                                    Decided July 27, 2023)

*Cornish F. Hitchcock* for appellants.

*Richard S. Love*, Senior Assistant Attorney General, with whom *Karl Racine*, Attorney General at the time of argument, *Loren L. AliKhan*, Solicitor General at the time of submission of the briefs, *Caroline S. Van Zile*, Principal Deputy Solicitor General at the time of submission of the briefs, and *Ashwin P. Phatak*, Deputy Solicitor General, were on the brief, for appellee.

Before DEAHL, *Associate Judge*, and STEADMAN and GLICKMAN,[*] *Senior Judges*.

---

[*] Judge Glickman was an Associate Judge at the time of argument.

GLICKMAN, *Senior Judge*:  Tax Analysts, a nonprofit publisher of tax periodicals, and its reporter Aaron Davis (hereinafter referred to jointly as "Tax Analysts"), seek disclosure pursuant to the District of Columbia Freedom of Information Act (FOIA)[1] of 24 private letter rulings (PLRs) issued by the District of Columbia Government's Office of Tax and Revenue (OTR).  Such rulings are provided by OTR in response to taxpayers' requests for guidance on specific tax matters.  The requestors are entitled to rely upon the PLRs' guidance in filing their returns because the responses are binding on OTR with respect to the specific tax matters and taxpayers involved.

The District claims that the rulings constitute or contain "tax information" that is specifically exempted from disclosure by D.C. Code § 47-4406, and that the exempt material either cannot be segregated and redacted or, even if that could be done, it would leave the requested rulings with no informational value.  Tax Analysts disputes this latter claim, arguing that the statute merely requires deletion of data in the PLRs that would directly or indirectly identify the taxpayers who requested them. We do not entirely agree with either party's position on appeal.  We hold that the Superior Court erred in granting summary judgment to the District without first

---

[1] D.C. Code §§ 2-531 to -540.

examining the PLRs in camera to determine whether any non-exempt portions of the documents were reasonably segregable from the exempt tax information (a category that is not as limited as Tax Analysts contends), such that the PLRs should be disclosed in redacted form.

**I**

In October 2019, Tax Analysts filed its FOIA request with the Office of the Chief Financial Officer (OCFO), which oversees OTR. The request sought, among other things not at issue here, all PLRs issued by OTR between January 1, 2016, and October 8, 2019. OTR identified 24 PLRs that were responsive to this request. However, OTR and OCFO denied the request on November 14, 2019, on the stated ground that the information requested was statutorily exempt from disclosure under FOIA exemptions for confidential business records and for records specifically protected from disclosure by other statutes.[2] OCFO subsequently added that it also relied on the FOIA exemption applicable where disclosure would constitute a clearly unwarranted invasion of personal privacy.[3]

---

[2] D.C. Code §§ 2-534(a)(1) and (6), respectively.

[3] *Id.* § 2-534(a)(2).

Pursuant to D.C. Code § 2-537(a), Tax Analysts appealed the denial to the Mayor's Office of Legal Counsel. The Mayor's Office requested OTR to select and produce for its inspection one sample "PLR with the information identifying the taxpayer, the tax or financial information provided by the taxpayer, and any analysis which includes the tax information provided by the taxpayer redacted." Based on its review of that one expurgated PLR, the Mayor's Office upheld the denial of Tax Analysts' FOIA request; without having seen what was redacted, it agreed with OTR that the cited FOIA exemptions applied and that the necessary "redactions of taxpayer identification information, financial data and analysis drawing on the financial data left the document with little to no informational value."

Tax Analysts then filed its complaint in Superior Court to compel production of the 24 responsive PLRs. The District moved to dismiss the complaint, arguing only that the PLRs were exempt under FOIA Exemption (6) because D.C. Code § 47-4406 barred disclosure of the tax information in the requested PLRs and the documents could not reasonably be redacted to eliminate that obstacle. Tax Analysts opposed the motion and moved for in camera review of the withheld PLRs. It submitted an affidavit and exhibits showing that OTR previously had published redacted versions of at least one PLR and other "functionally" equivalent rulings; that OTR's own web page stated that even though private letter rulings apply only

to the taxpayers that request them, the "rulings provide guidance to other District taxpayers as to the interpretation and development of the DC Tax Code"; and that OTR also had stated it will "sometimes convert PLRs" to notices that are published on its website to provide public legal guidance.[4]

The court denied both motions. In addition to expressing skepticism about the applicability of D.C. Code § 47-4406, it reasoned that "any determination of whether a document contains exempt information that is reasonably segregable from non-exempt information requires review of the specific document at issue, which is a question of fact that is not currently before the Court."

OTR then filed its *Vaughn* index.[5] The index listed each of the 24 responsive PLRs by date and stated that the "entire record" of each one was withheld pursuant

---

[4] Tax Analysts also pointed out that many other (state) jurisdictions do publish their private letter rulings in redacted form. The pertinence of this observation is at best uncertain, since Tax Analysts did not address whether those other jurisdictions have applicable disclosure-restricting statutes comparable to ours.

[5] A proper *Vaughn* index, first described in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), is composed of "detailed indexes itemizing each item withheld, the exemptions claimed for that item, and the reasons why the exemption applies to that item." *Lykins v. Dep't of Justice*, 725 F.2d 1455, 1463 (D.C. Cir. 1984).

to "statutes protecting the confidentiality of tax information."[6] The index was not accompanied by an affidavit from an OTR official or other person with knowledge of the contents of the responsive documents, and its descriptions of the documents stated only that there were 13 PLRs "on Sales and Use Tax," 3 PLRs "on QHTC Tax," 3 PLRs "on Franchise Tax," 3 PLRs "on Sales Tax," 1 PLR "on Individual Income Tax," and 1 PLR "on Estate Tax."

The District then moved for summary judgment, relying primarily on D.C. Code § 47-4406.[7] Appellants opposed that motion and renewed their request for the court to conduct an in camera review to evaluate whether there were "reasonably

---

[6] In addition to D.C. Code § 47-4406, the *Vaughn* index cited FOIA Exemptions (1), (2), and (6), and a few other provisions of the D.C. Code that provide for the confidentiality of tax-related information. *See* D.C. Code §§ 47-2018, -1805.04, -3719. (Except for Exemption (2), the District has not otherwise relied on these latter statutes in this litigation, and has not claimed they extend protection from disclosure beyond that provided by § 47-4406.)

[7] The District also relied on FOIA Exemption (2), the exemption for "[i]nformation of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy." However, the trial court did not address the applicability of this exemption in its summary judgment ruling, and we therefore do not consider that question to be properly before us in this appeal. That said, it would appear that the redaction necessary to satisfy § 47-4406 would also avoid disclosure of any information covered by FOIA Exemption (2), so the applicability of Exemption (2) would seem to be a moot point.

segregable" non-exempt portions of the PLRs.  The District did not oppose in camera review for that purpose.

On January 13, 2021, the court denied Tax Analysts' motion for in camera review and granted summary judgment in the District's favor.  Accepting the agency's description of the PLRs, the court concluded that they were entirely exempt from disclosure under D.C. Code § 47-4406 because PLRs "are in their entirety an evaluation of the tax consequences of a taxpayer's financial circumstances" based on "tax information submitted by the taxpayer."  Although the court did not inspect the PLRs, it ruled that even if they do contain some non-exempt information, redacting it would leave them with "little informational value."  Tax Analysts timely appealed.

## II

Tax Analysts disputes the trial court's ruling that the PLRs responsive to its FOIA request are wholly exempted from disclosure by D.C. Code § 47-4406.  While that statute prohibits disclosure of "federal, state, or local tax information either submitted by the taxpayer or otherwise obtained," Tax Analysts contends that PLRs may contain additional useful and segregable information that is not "tax information" within the meaning of the statute, such as OTR's legal interpretations

and analyses of generally applicable District tax laws and regulations; and that § 47-4406 should be construed to require disclosure of PLRs with only personal identifying information redacted to protect taxpayer privacy. Tax Analysts argues that the court therefore erred in granting summary judgment for the District without conducting an in camera review to determine whether there are non-exempt and reasonably segregable portions of the PLRs that could be disclosed. By contrast, the District maintains that § 47-4406 exempts PLRs from disclosure in their entirety because they are responses to taxpayers' requests for tax guidance based on the taxpayers' particular circumstances, and that any non-exempt portions of the PLRs are inextricably intertwined with exempt information such that the necessary redactions would produce a document with little or no informational value.

We review the grant of summary judgment de novo, conducting an independent review of the record, and applying the same substantive standard as the trial court.[8] Summary judgment is appropriate only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[9]

---

[8] *Murphy v. Schwankhaus*, 924 A.2d 988, 991 (D.C. 2007).

[9] *See* Super. Ct. Civ. R. 56(a).

Because FOIA "is designed to promote the disclosure of information, not to inhibit it,"[10] the burden is on the government agency to justify its withholding, and courts review such actions de novo.[11] To meet its burden when claiming a FOIA exemption, an agency must provide "sufficient information in the form of affidavits, so-called *Vaughn* indexes, oral testimony, or an in camera review of responsive documents to enable the court — not the agency — to be the final arbiter of the propriety of the agency's decision to withhold information."[12] Summary judgment is appropriate where the agency "describes the documents and the justifications for nondisclosure with reasonably specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[13] An agency may justify withholding entire documents rather than only exempt portions

---

[10] *Wash. Post Co. v. Minority Bus. Opportunity Comm'n*, 560 A.2d 517, 521 (D.C. 1989).

[11] *Padou v. District of Columbia*, 29 A.3d 973, 980 (D.C. 2011) ("D.C. Code § 2-537(b) not only places the burden on the administrative agency to sustain its action, but also authorizes this court to review the agency's withholding of requested FOIA information de novo." (internal quotation marks and citation omitted)).

[12] *Riley v. Fenty*, 7 A.3d 1014, 1018 (D.C. 2010) (footnote omitted).

[13] *Fraternal Ord. of Police v. District of Columbia*, 79 A.3d 347, 355-56 (D.C. 2013) (alterations omitted).

by showing that "the exempt and non-exempt information are inextricably intertwined, such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value."[14]

## III

We have said that "the provisions of [FOIA] giving citizens the right of access are to be generously construed, while the statutory exemptions from disclosure are to be narrowly construed, with ambiguities resolved in favor of disclosure."[15]  The exemptions from disclosure are listed in D.C. Code § 2-534(a).  Exemption (6) authorizes withholding of "[i]nformation *specifically* exempted from disclosure by [another] statute . . . , provided that such statute:  (A) Requires that the matters be

---

[14] *District of Columbia v. Fraternal Ord. of Police Metro. Police Lab. Comm.*, 33 A.3d 332, 346 (D.C. 2011) (Ruiz, J., concurring) (internal quotation marks omitted) (quoting *Antonelli v. Fed. Bureau of Prisons*, 623 F. Supp. 2d 55, 60 (D.D.C. 2009)).

[15] *Riley*, 7 A.3d at 1018 (internal quotation marks and citation omitted); *see also* D.C. Code § 2-531 ("The public policy of the District of Columbia is that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees.  To that end, provisions of this subchapter shall be construed with the view toward expansion of public access and the minimization of costs and time delays to persons requesting information.").

withheld from the public in such a manner as to leave no discretion on the issue; or (B) Establishes particular criteria for withholding or refers to particular types of matters to be withheld."[16] Subsection (b) of § 2-534 provides that "[a]ny reasonably segregable portion of a public record shall be provided to any person requesting the record after deletion of those portions which may be withheld from disclosure pursuant to subsection (a) of this section."

The statutory exemption invoked by OTR pursuant to FOIA Exemption (6) is in D.C. Code § 47-4406, a tax code provision entitled "Secrecy of returns." There is no question that this statute satisfies the proviso in Exemption (6); the question is what specific information § 47-4406 protects. As pertinent here, and subject to some inapplicable exceptions, § 47-4406(a) prohibits agents of the District of Columbia from divulging not only "federal, state, or local tax returns" (which do not appear to be involved here), but also "federal, state, or local tax information either submitted by the taxpayer or otherwise obtained."[17] The statute does not define what is meant

---

[16] D.C. Code § 2-534(a)(6) (emphasis added).

[17] Section 47-4406(a) also restricts the disclosure of "the amount of reported value, or any information relating to value or the computation of value, disclosed in a return required to be filed under this title." Such information does not appear to be at issue here.

by "state, or local tax information," but it specifically defines "federal tax information" to mean "a return or return information received directly from the Internal Revenue Service or obtained through an authorized secondary source."[18] To be consistent, we construe "state, or local tax information" to have a similar meaning, i.e., we conclude that it, too, refers to "a return or return information."

D.C. Code § 47-4406 does not define "return information," and the scope of that term is not self-evident. We have said that where there is doubt as to the meaning of a specific District tax statute, we will "endeavor to conform its interpretation to comparable provisions of the federal Internal Revenue Code."[19] The federal analogue to D.C. Code § 47-4406, 26 U.S.C. § 6103 ("Confidentiality and disclosure of returns and return information"), defines "return information." In pertinent part, § 6103(b)(2) states that the term means

> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be

---

[18] § 47-4406(h)(3).

[19] *District of Columbia v. Nat'l Bank of Wash.*, 431 A.2d 1, 4 (D.C. 1981) (citing *District of Columbia v. ACF Indus., Inc.*, 350 F.2d 795, 798 (D.C. Cir. 1965)); *see also ACF Indus. Inc.*, 350 F.2d at 798 ("Where no policies appear to require otherwise, we have generally, if implicitly, assumed that Congress intended similar construction of both the local and the federal tax statutes.").

examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, [and]

(B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in [26 U.S.C. § 6110(b)]) which is not open to public inspection under section 6110.

Subsection (b)(2) goes on to state that "such term [i.e., 'return information'] does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." This subsection lends some support to Tax Analysts' position; however, it does not mean that all non-identifying data is outside of the definition of "return information," or that the removal of such identifying data would necessarily suffice to make otherwise protected "return information" subject to disclosure.[20]

---

[20] *See Church of Scientology of Cal. v. IRS*, 484 U.S. 9, 18 (1987) (concluding that the deletion of identifiable data from "return information" as defined under 26 U.S.C. § 6103 "would not make otherwise protected return information discloseable" because such deletion does not automatically deprive "return information" of the protection from other statutory provisions that forbid disclosure).

The terms "written determination" and "background file document" in subparagraph (B) of § 6103(b)(2) encompass private letter rulings and requests for such rulings.[21] Such documents may well contain information within subparagraph (A), such as "data," furnished by taxpayers in requesting PLRs, "with respect to the determination of the existence, or possible existence, of liability (or the amount thereof)." Thus, conforming our interpretation of D.C. Code § 47-4406 to 26 U.S.C. § 6103(b), we conclude that a PLR may contain "return information" (and, therefore, "tax information") within the meaning of § 47-4406.

That does not necessarily mean, however, that everything in a PLR falls within the category of "return information," or that (as the District asserts) "[t]he *ruling itself* is tax information that D.C. Code § 47-4406(a) prohibits the District from disclosing." The D.C. Circuit has held that non-taxpayer-specific legal analyses in

---

[21] Section 6110 provides that the term "written determination" means "a ruling, determination letter, technical advice memorandum, or Chief Counsel advice," and that the term "background file document" includes "the request for that written determination" and "any written material submitted in support of the request." 26 U.S.C. § 6110(b)(1)(A), (b)(2). Sections 6110(a) and (c) specifically state that written determinations and related background file documents shall be available for public inspection, provided they are redacted to delete sensitive information, including identifying details of the person to whom the determinations pertain, privileged and confidential financial and other information, and information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The District of Columbia Code does not have a specific statutory provision comparable to § 6110(a) and (c), however.

IRS written determinations — interpretations and conclusions respecting statutes, rules, regulations, and judicial opinions, which are not unique to a particular taxpayer — are not "return information" within the meaning of § 6103.[22] Such legal discussions are not, for example, financial or tax-related data submitted by a taxpayer seeking a private letter ruling, and in themselves they do not (or may not) disclose such particular data or the identity of the taxpayer merely because they are

---

[22] *Tax Analysts v. IRS*, 117 F.3d 607, 615-16 (D.C. Cir. 1997). The court of appeals rejected IRS's contention that "data" within the meaning of § 6103(b)(2)(A) "might signify even legal discussions" or other non-taxpayer-specific information, stating that "[w]hy § 6103 should protect such non-taxpayer-specific information is a mystery the IRS has not offered to solve." *Id.* at 615. Among the reasons the D.C. Circuit gave for its conclusion, the court noted that

> Each of the specific items mentioned in the beginning of § 6103(b)(2)(A) is not only factual but unique to the particular taxpayer. And each of the more general items in § 6103(b)(2)(A) — "any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return" or the liability "of any person" — is of the same character, that is, unique to a particular taxpayer. The IRS has itself drawn this very distinction in propounding its view of what constitutes return information. . . . Yet legal analyses and conclusions . . . cannot be viewed as unique to a particular taxpayer, or as the IRS puts it, "taxpayer-specific." If the Office of Chief Counsel renders an interpretation of a certain section in the tax code, . . . that interpretation should apply to all other taxpayers who are, in material respects, similarly situated.

*Id.* at 614.

relevant in responding to the taxpayer's request for guidance. Based on our examination of the statutory language, we agree with the D.C. Circuit's conclusion, and we note that, in our view, the District has not offered a reasoned explanation for holding otherwise.[23] We therefore do not view such legal analyses as within the meaning of "return information" in § 47-4406.

The issue before us, then, comes down to whether the District demonstrated its entitlement to summary judgment by establishing that the 24 PLRs responsive to the FOIA request do not contain segregable, non-taxpayer-specific legal analysis. The District clearly did not do so. Its bare-bones *Vaughn* index was purely conclusory and did not address the legal analysis in the PLRs, redaction, or reasonable segregability at all, and the District furnished the court with no affidavit discussing those matters from anyone familiar with the contents of the PLRs. The mere fact that the PLRs provided tax guidance based on the requesting taxpayers' particular circumstances does not answer the questions of whether the PLRs contain

---

[23] For that reason, and because we review legal issues de novo, we do not believe we owe deference to OTR's and the District's conclusory assertion that "[e]very aspect of a private letter ruling — whether the facts, the legal analysis, or the conclusion" — is tax information covered by D.C. Code § 47-4406(a). *See, e.g.*, *D.C. Off. of Hum. Rts. v. D.C. Dep't of Corr.*, 40 A.3d 917, 925 (D.C. 2012) ("[W]hen it appears that the agency did not conduct any analysis of the language, structure, or purpose of the statutory provision, it would be incongruous to accord substantial weight to the agency's interpretation." (cleaned up)).

non-exempt legal analyses, and if so, whether those analyses are so inextricably intertwined with exempt material as to defeat any attempt at redaction.

On the record as it stands, therefore, we cannot conclude that the PLRs contain no segregable, non-taxpayer-specific legal analysis. Arguably, moreover, there is evidence in the record that they may contain such material. Tax Analysts presented unrebutted evidence that OTR has published redacted PLRs or similar documents in the past and has considered them to provide useful legal guidance to other taxpayers; and the fact that the Internal Revenue Service (and many states) do make PLRs publicly available (with taxpayer-specific information redacted) may be a further indication that it would be possible for OTR to do so too. An in camera review presumably could have resolved this question, but the court did not conduct one even though Tax Analysts requested it and the District was amenable to it.[24]

We conclude that a genuine issue of material fact remains as to whether OTR can invoke D.C. Code § 47-4406 to withhold the 24 responsive PLRs in their entirety

---

[24] It does not appear that in camera review would be unduly burdensome (assuming it remains necessary after this opinion). It is estimated that the total length of the 24 responsive rulings is only approximately 100 pages, and the question of whether the rulings contain segregable legal analysis is a narrow and manageable one.

from disclosure under FOIA.  Accordingly, we must reverse the grant of summary judgment in favor of the District and remand this case to the Superior Court for further consideration, which may well call for the court to conduct an in camera review of the PLRs.[25]

*So ordered.*

---

[25] We decline Tax Analysts' invitation to perform the in camera review ourselves.  "[W]e are a court of review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005).